# IN THE SUPREME COURT OF THE STATE OF IDAHO
## Docket No. 37783

TIFFANY ANN MARIE FRAGNELLA, )
deceased, and the ESTATE OF TIFFANY ANN )
MARIE FRAGNELLA, )
                                        )
    Plaintiffs-Appellants, )
v. )
                                        ) **Coeur d'Alene, May 2012 Term**
ROBERT B. PETROVICH, individually, d/b/a )
PETROVICH TRUCKING, INC., and ) **2012 Opinion No. 95**
INTERSTATE EQUIPMENT LEASING, INC., )
SWIFT TRANSPORTATION, INC., and JOHN ) **Filed: June 21, 2012**
and JANE DOE, )
                                        ) **Stephen W. Kenyon, Clerk**
    Defendants-Respondents. )
-------------------------------------------------------- )
NICOLE A. PLOUFFE, )
                                        )
    Plaintiff-Appellant, )
v. )
                                        )
ROBERT B. PETROVICH, JR., and JANE )
DOE PETROVICH, husband and wife, d/b/a )
PETROVICH TRUCKING, INC., )
INTERSTATE EQUIPMENT LEASING, INC., )
SWIFT TRANSPORTATION COPORATION, )
a Nevada corporation, and SWIFT )
TRANSPORTATION CO., INC., an Arizona )
corporation, )
                                        )
    Defendants-Respondents. )
-------------------------------------------------------- )
THOMAS THAYER, )
                                        )
    Plaintiff-Appellant, )
v. )
                                        )
ROBERT B. PETROVICH, JR., and JANE )
DOE PETROVICH, husband and wife, d/b/a )
PETROVICH TRUCKING, INC., )
                                        )
    Defendants-Respondents. )
_____ )

Appeal from the district court of the Second Judicial District of the
State of Idaho, Nez Perce County. Hon. Carl B. Kerrick, District Judge.

The decision of the district court is <u>affirmed</u>. Costs on appeal are
awarded to Respondents.

1

Scott Broyles, Clarkson, WA, for Appellant Estate of Tiffany Ann Marie Fragnella. No argument.

Aherin, Rice & Anegon, Lewiston, for Appellant Plouffe. Darrel W. Aherin argued.

Lawrence J. Kuznetz, Spokane, WA, for Appellant Thayer.

Ramsden & Lyons, LLP, Coeur d'Alene, for Respondent. Marc A. Lyons argued.

---

W. JONES, Justice

## I. NATURE OF THE CASE

This appeal involves the consolidation of two personal injury actions and one wrongful death action arising out of an automobile accident. On December 5, 2007, Paul Ruggiero-Smith's vehicle collided with a semi-tractor trailer driven by Robert Petrovich. Nicole Plouffe and Tiffany Ann Marie Fragnella were both passengers in Smith's vehicle. Plouffe was severely injured and Fragnella died as a result of her injuries. At the time of the accident, Petrovich was driving the semi-truck for Swift Transportation Co., Inc., and was training a Swift Transportation employee in driving skills. The Swift Transportation trainee, Thomas Thayer, was a passenger in the semi-truck at the time of the collision. Thayer was covered under Swift Transportation's workers' compensation insurance.

Appellants' Amended Complaint alleged that Petrovich was negligently driving the semi-truck. The district court granted summary judgment in favor of the Respondents, finding that there was no evidence that the accident was caused by Petrovich. The district court also concluded that Thayer's third party claim for negligence against Petrovich was separately barred by the exclusive remedy rule under Idaho's Workers' Compensation statutes. Appellants appeal to this Court arguing that the district court erred in granting summary judgment, that the court abused its discretion in denying the Motions for Reconsideration, and that the court erred in determining that the exclusive remedy rule barred Thayer's claims against Petrovich.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In the early morning hours of December 5, 2007, Paul Ruggiero-Smith was driving a 1995 Subaru Legacy while traveling southbound on US Highway 95, near Craigmont, Idaho. Nicole Plouffe and Tiffany Ann Marie Fragnella were both passengers in Ruggiero-Smith's vehicle. Robert Petrovich was driving a Kenworth semi-truck, pulling a trailer, and traveling northbound on US Highway 95. Petrovich was the owner of the semi-truck, which was financed

2

by Interstate Equipment Leasing, Inc., through a purchase and sale agreement. Swift Transportation Corporation was the owner of the trailer that Petrovich was pulling. Petrovich had entered a contract for driving services with Swift Transportation Co., Inc., and he was on his way home from hauling a load of freight for Swift Transportation Co., Inc. Additionally, Thomas Thayer, a trainee for Swift Transportation Co., Inc., was riding along with Petrovich to learn how to drive a semi-truck.

At approximately 6:20 a.m., Fragnella and Plouffe were asleep in Ruggiero-Smith's car and Thayer was sleeping in the sleeper compartment of Petrovich's semi-truck. The road conditions were icy that morning and Ruggiero-Smith's vehicle crossed into the northbound lane and collided with Petrovich's semi-truck. Petrovich swerved in an effort to avoid the accident, but the front of Ruggiero-Smith's vehicle hit the front driver's side of Petrovich's semi-truck. Fragnella was ejected from the Subaru upon impact and died as a result of her injuries. Plouffe and Thayer were both seriously injured.

Appellants, Plouffe, Fragnella,[1] and Thayer each filed their respective complaints, and eventually all three lawsuits were consolidated. Fragnella filed suit on December 12, 2008, Plouffe filed suit in January of 2009, and Thayer filed suit on April 14, 2009. The district court ordered the Fragnella and Plouffe lawsuits to be consolidated on April 9, 2009, and then ordered the Fragnella/Plouffe lawsuit to be consolidated with the Thayer case on May 13, 2009. The original complaints included a claim for negligence against Ruggiero-Smith, but the parties stipulated for a dismissal of Ruggiero-Smith. On July 28, 2009, the district court dismissed all claims against Ruggiero-Smith with prejudice. The Respondents on appeal include Petrovich, Swift Transportation Corp., Swift Transportation Co., Inc., and Interstate Equipment Leasing, Inc.[2]

In the Appellants' original complaints, they conceded that Ruggiero-Smith's Subaru, "which was traveling southbound on US 95, encroached into the northbound lane, colliding with the commercial vehicle driven by Mr. Petrovich." Appellants alleged that Petrovich was negligent by driving with a suspended license and for failing to keep a proper lookout to avoid the collision. The Respondents filed a Motion for Summary Judgment, arguing that driving with a suspended license was not the proximate cause of the accident and that the Appellants failed to establish negligence. Appellants moved the district court to vacate the summary judgment hearing in order to depose Petrovich and file their Amended Complaints. Respondents filed an

---

[1] All references to Fragnella represent the estate of Fragnella.

[2] Thayer's claims for negligence are solely against Petrovich.

Amended Motion for Summary Judgment, arguing that there was no genuine issue of material fact and that the Appellants failed to establish that Petrovich negligently caused the accident. In response to the Respondents' Motion for Summary Judgment, the Appellants conceded that Petrovich's driving without a license was not the proximate cause of the injury. Instead, Appellants argued that Petrovich's negligent behavior contributorily caused the accident for the following reasons. Appellants asserted that Petrovich was taking the drug, Allopurinol,[3] which may have impaired his driving by causing drowsiness or delayed reactions. Appellants also claimed that Petrovich was negligent in not completing an entire pre-trip inspection of the truck and trailer which may have revealed a hole in the right brake canister. Appellants also asserted that the brakes on Petrovich's semi-truck were not functioning properly because the truck was pulling to the right. Finally, Appellants contended that although Petrovich was driving within the speed limit, his rate of speed at 55 miles per hour was unreasonable because of the icy and slick road conditions. Appellants again moved the lower court to amend their Amended Complaint to include these factual allegations and add a punitive damage claim.

The district court granted summary judgment in favor of the Respondents, finding that there was no evidence to support that the accident was caused by Petrovich. The district court also concluded that Thayer's third party claim for negligence against Petrovich was separately barred by the exclusive remedy rule under Idaho's Workers' Compensation statutes, finding that Petrovich was an agent of Swift Transportation Co., Inc. In making its ruling on summary judgment, the district court also denied Appellants' Motion to Amend the Amended Complaint because the court had already addressed the additional facts in deciding whether to grant summary judgment.

The Appellants filed Motions for Reconsideration and presented additional facts of Petrovich's contributory negligence. Thayer's motion specifically argued that Petrovich was an independent contractor, and thus was a third party tortfeasor, not exempt from liability under workers' compensation statutes. The district court ultimately denied the Motions for Reconsideration, concluding that the Appellants failed to show that a genuine issue of material fact existed with regard to proximate causation. The court denied Thayer's Motion for Reconsideration, finding that Thayer's exclusive remedy was under workers' compensation because Petrovich was an agent of Swift Transportation Co., Inc. at the time of the accident. The Appellants appeal to this Court arguing that the district court erred in granting summary judgment because genuine issues of fact exist as to whether Petrovich's conduct caused the

---

[3] Allopurinol is a medication prescribed for the treatment of gout.

accident. Appellants also assert that the district court abused its discretion by striking various affidavits, abused its discretion by denying Appellants' Motion to Amend the Amended Complaint, and erred by denying Appellants' Motions for Reconsideration. Lastly, Thayer contends that the lower court erred in determining that the exclusive remedy rule barred Thayer's negligence claim against Petrovich.

## III. ISSUES ON APPEAL

1. Whether the district court erred in granting Petrovich's Motion for Summary Judgment?

2. Whether the district court abused its discretion by striking the affidavits of William H. Skelton, Darrel W. Aherin, and portions of the affidavit of Thomas Thayer?

3. Whether the district court erred in denying Appellants' Motions for Reconsideration?

4. Whether the district court abused its discretion by denying Appellants' Motion to Amend the Amended Complaint to add more specific factual allegations and a request for punitive damages?

5. Whether the district court erred in ruling that Thayer's negligence claim against Petrovich was barred by the exclusive remedy rule under Idaho's Workers' Compensation statutes?

## IV. STANDARD OF REVIEW

On appeal from the grant of a motion for summary judgment, this Court utilizes the same standard of review used by the district court originally ruling on the motion. *Shawver v. Huckleberry Estates, LLC*, 140 Idaho 354, 360, 93 P.3d 685, 691 (2004) (internal citations omitted). Summary judgment is appropriate "if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." I.R.C.P. 56(c). When considering whether the evidence shows a genuine issue of material fact, the trial court must liberally construe the facts, and draw all reasonable inferences in favor of the nonmoving party. *Mitchell v. Bingham Mem'l Hosp.*, 130 Idaho 420, 422, 942 P.2d 544, 546 (1997). Moreover, a mere scintilla of evidence or merely casting a slight doubt of the facts will not defeat summary judgment. *Corbridge v. Clark Equip. Co.*, 112 Idaho 85, 87, 730 P.2d 1005, 1007 (1986). In other words, to create a genuine issue, there must be evidence upon which a jury may rely. *See id.* (citing *Petricevich v. Salmon River Canal Co.*, 92 Idaho 865, 871, 452 P.2d 362, 368 (1969)).

The admissibility of evidence contained in affidavits and depositions in support of or in opposition to a motion for summary judgment is a threshold matter to be addressed before applying the liberal construction and reasonable inferences rule to determine whether the evidence creates a genuine issue of material fact for trial. *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 13, 175 P.3d 172, 175 (2007) (citing *Carnell v. Barker Mgmt., Inc.*, 137 Idaho 322, 327, 48 P.3d 651, 656 (2002)). "This Court applies an abuse of discretion standard when

5

reviewing a trial court's determination of the admissibility of testimony offered in connection with a motion for summary judgment." *Id.* at 15, 175 P.3d at 177 (citing *McDaniel v. Inland Northwest Renal Care Group-Idaho, LLC*, 144 Idaho 219, 221, 159 P.3d 856, 858 (2007)). "A trial court does not abuse its discretion if it (1) correctly perceives the issue as discretionary, (2) acts within the bounds of discretion and applies the correct legal standards, and (3) reaches the decision through an exercise of reason." *O'Connor v. Harger Constr., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008) (citing *West Wood Invs., Inc. v. Acord*, 141 Idaho 75, 82, 106 P.3d 401, 408 (2005)).

## V. ANALYSIS

### A. The District Court Did Not Err In Granting Petrovich's Motion for Summary Judgment Because Appellants' Claims of Negligence Fail As a Matter of Law

The Respondents argue that Appellants' claims of negligence must fail as a matter of law because Petrovich's actions did not cause the accident. Neither have Appellants shown any breach of duty that caused Appellants' injuries. The Appellants argue that Petrovich contributed to the collision based on the following reasons: 1) Petrovich was taking Allopurinol which may have impaired his driving, 2) Petrovich was driving a semi-truck at 55 miles per hour on icy and slick roads, and 3) Petrovich's semi-truck had defective brakes and pulled to the right. The district court granted summary judgment in favor of Respondents, finding that the Appellants failed to produce more than a scintilla of evidence regarding the issue of causation.

In order to establish negligence, the plaintiff must prove the existence of each element: "(1) a duty, recognized by law, requiring a defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injuries; and (4) actual loss or damage." *McDevitt v. Sportsman's Warehouse, Inc.*, 151 Idaho 280, 284, 255 P.3d 166, 1170 (2011) (citing *McKim v. Horner*, 143 Idaho 568, 572, 149 P.3d 843, 847 (2006)). It is undisputed that Ruggiero-Smith's Subaru crossed the center line of the highway and drove into Petrovich's path. Appellants have failed to set forth any specific facts to prove Petrovich was negligent and a proximate cause of the accident.

In his affidavit, Petrovich testified that he was driving within the speed limit and at a rate that was reasonable under the circumstances. He further testified:

> While I was driving I saw Defendant Paul Ruggiero-Smith's Subaru cross over the center line into my lane of traffic. There was nothing that I did while driving that caused the collision. I swerved to the shoulder of the road but there was nothing I could do to prevent the accident. The Subaru hit my truck.

During his deposition, Petrovich testified that he recalled performing a visual safety inspection of the semi-truck and trailer with Thayer prior to their trip on December 4, 2007. Petrovich explained that he had no knowledge of the hole in the air brake canister and that he did not notice any degradation of the braking system while he was driving. When describing the collision, Petrovich again testified that "the Subaru crossed the center line into my lane. I steered to the right and hit the brakes." Petrovich explained that he was driving between 55 and 60 miles per hour (the speed limit for the highway was 65 miles per hour) and described the road as wet. Petrovich also testified that he was prescribed to take 300 milligrams of Allopurinol once a day for the treatment of gout, and that he had been taking the medication for more than six months prior to the accident.

Appellants have not presented any evidence that connects the hole in the air brake canister with the accident. Appellants merely assert that it was unreasonable for Petrovich to drive at 55 to 60 miles per hour due to the slick condition of the road. Petrovich, a trained professional truck driver, testified that the rate of speed was reasonable. Appellants have not presented any testimony explaining how driving at a rate of 55 to 60 miles per hour under those weather conditions was unreasonable, other than their own conclusory assertion. Finally, the Appellants' claim that Petrovich contributorily caused the accident because he was taking gout medication, which *may* cause drowsiness and *may* impair reaction time, is unsupported and speculative. There is no proof that Allopurinol had any actual effect on Petrovich's driving ability. In fact, Petrovich testified that he had been taking the drug on a daily basis for more than six months.

As noted above, in order to withstand summary judgment, the plaintiff must present sufficient evidence upon which a jury could rely. *Corbridge*, 112 Idaho at 87, 730 P.2d at 1007 (citing *Petricevich*, 92 Idaho at 871, 452 P.2d at 368 (1969)). Appellants failed to demonstrate the existence of a genuine issue of material fact regarding the cause of the accident. Appellants' allegations regarding the brake equipment, the reasonableness of Petrovich's driving speed, and Petrovich's usage of Allopurinol, do not raise genuine issues of fact regarding causation for trial. It is true that the issue of causation is generally a question of fact for the jury. *Walker v. American Cyanamid Co.*, 130 Idaho 824, 831, 948 P.2d 1123, 1130 (1997). However, when reasonable minds could only come to one conclusion as to whether the plaintiff's injury was reasonably foreseeable, the judge may decide the legal responsibility issue as a matter of law. *Hayes v. Union Pac. R.R. Co.*, 143 Idaho 204, 208, 141 P.3d 1073, 1077 (2006) (citing *Doe I v. Sisters of the Holy Cross*, 126 Idaho 1036, 1041, 895 P.2d 1229, 1234 (Ct. App. 1995)). "The

7

'legal responsibility element of proximate causation is satisfied if at the time of the defendant's negligent act the Appellant's injury was reasonably foreseeable as a natural or probable consequence of the defendant's conduct.'" *Id.* (quoting *Doe I*, 126 Idaho at 1041, 895 P.2d at 1234). There is no evidence that the hole in the brake canister, Petrovich's driving of the semi-truck at a rate of 55 to 60 miles per hour, or Petrovich's use of Allopurinol were factors in preventing Petrovich from avoiding the accident. Petrovich was not the proximate cause of the accident. Thus, Appellants failed to establish negligence as a matter of law because they failed to prove that Petrovich's conduct contributorily caused the accident. This Court affirms the district court's grant of summary judgment. Consequently, there is no negligence to impute to the remaining Respondents, Swift Transportation Corp., Swift Transportation Co., Inc., and Interstate Equipment Leasing, Inc.[4]

**B.    The District Court Did Not Abuse Its Discretion In Striking the Affidavits**

Idaho Rule of Civil Procedure 56(e) governs the form of affidavits filed in support or in opposition to motions for summary judgment. Rule 56(e) states: "[s]upporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." I.R.C.P. 56(e). "This Court applies an abuse of discretion standard when reviewing a trial court's determination of the admissibility of testimony offered in connection with a motion for summary judgment." *J-U-B Eng'rs, Inc. v. Sec. Ins., Co. of Hartford*, 146 Idaho 311, 314, 193 P.3d 858, 861 (2008) (citing *Gem State Ins. Co. v. Hutchison*, 145 Idaho 10, 15, 175 P.3d 172, 177 (2007)). "A trial court does not abuse its discretion if it (1) correctly perceives the issue as discretionary, (2) acts within the bounds of discretion and applies the correct legal standards, and (3) reaches the decision through an exercise of reason." *O'Connor v. Harger Constr., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008) (citing *West Wood Invs., Inc. v. Acord*, 141 Idaho 75, 82, 106 P.3d 401, 408 (2005)).

*1.    Striking the Affidavit of William H. Skelton*

Appellants originally filed an unsworn declaration from William H. Skelton, Jr., Appellants' expert on vehicular accident reconstruction, in opposition to the Respondents' Motion for Summary Judgment. Skelton's declaration begins by setting forth his education and background as a metallurgical engineer. Skelton then acknowledges that on December 5, 2007,

---

[4] Any liability the remaining Respondents would face would be vicarious liability and would depend upon whether Petrovich is an independent contractor or an agent of Swift Transportation Co., Inc.

8

Appellants were involved and injured in a vehicular accident. In the final paragraph of his declaration, Skelton gives his expert opinion as follows:

> Based on my investigation of this collision and my engineering experience as listed above, it is my opinion that driving the tractor/trailer rig at 55 miles per hour on the icy roadway was unreasonable for the conditions and was a contributing factor in the proximate cause of the accident and the fatal injuries sustained by Ms. Fragnella and injuries to others. In addition, per the affidavit of Thomas Thayer, the student driver in the Petrovich trailer/trailer [sic] at the time of the accident, that the operation of the defective brake canister on the trailer was also a contributing factor and a proximate cause of this accident.

The Respondents moved the court to strike Skelton's declaration as improper evidence to consider when ruling on summary judgment because it was not a sworn statement in the form of an affidavit. The district court explained that it could not consider the unsworn statements contained in Skelton's declaration because it was inadmissible evidence to accompany a motion for summary judgment under Idaho Rule of Civil Procedure 56(e). The district court also made a ruling in the alternative to strike the final paragraph of the declaration containing Skelton's opinion, on the ground that Skelton failed to set forth the principles and methodologies he relied upon to reach his conclusion.

After summary judgment was entered, Appellants remedied the defect in Skelton's declaration by filing a signed and notarized affidavit, containing the exact statements of the declaration, with Appellants' Motions for Reconsideration. The affidavit submitted was identical to the declaration and so the court made the same ruling to strike the affidavit because Skelton again failed to set forth the principles and methodologies used to reach the conclusions made in the final paragraph of the affidavit. Appellants do not contest the court's decision to strike the declaration. Instead, Appellants argue that the district court abused its discretion in striking Skelton's affidavit, arguing that Skelton provided a factual basis for his opinion. Appellants assert that Skelton based his opinion on his review of the Idaho Vehicle Collision Report and Thayer's affidavit, as well as his experience as an accident reconstruction expert.

The admissibility of expert testimony is a matter within the discretion of the trial court and this Court will not disturb the lower court's ruling absent an abuse of that discretion. *J-U-B Eng'rs., Inc.*, 146 Idaho at 315, 193 P.3d at 862 (2008) (citing *Swallow v. Emergency Med. of Idaho P.A.,* 138 Idaho 589, 592, 67 P.3d 68, 71 (2003)). Idaho Rule of Evidence 702 states "[i]f scientific, technical, or other specialized knowledge will assist the trier-of-fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise."

"When determining the admissibility of an expert's opinion, the focus of the trial court's inquiry is on the principles and methodology used and not the conclusions they generate." *J-U-B Eng'rs., Inc.*, 146 Idaho at 315, 193 P.3d at 862 (citing *Weeks v. E. Idaho Health Servs.*, 143 Idaho 834, 838, 153 P.3d 1180, 1184 (2007)).

The district court did not abuse its discretion in striking Skelton's affidavit. The affidavit does not set forth any specific facts or data used to support Skelton's opinion or explain the methodology used to generate his opinion that driving 55 miles per hour on an icy road was unreasonable or how the hole in the brake canister was a contributing factor in the accident. The final paragraph of Skleton's affidavit is nothing more than an unsupported conclusion, and is devoid of any scientific principles or methodologies to formulate such a conclusion. Therefore, this Court affirms the district court's decision to strike Skelton's affidavit.

### 2. *Striking the Affidavit of Darrel W. Aherin*

Appellants' attorney, Darrel W. Aherin, filed an affidavit to introduce the following documents into evidence: 1) a printout from the website Drugs.com to show the side effects associated with Allopurinol, and 2) a copy of the Idaho State Police Report from the accident. The district court struck Aherin's affidavit and denied the attachments from being admitted as evidence. The court struck the Drugs.com printout because it lacked foundation and the court struck the police report because it was inadmissible hearsay. Idaho Rule of Evidence 803(8)(A) explains that "investigative reports by police and other law enforcement personnel, except when offered by an accused in a criminal case," are not within an exception to the hearsay rule.

On appeal, Appellants argue that the police report should have been admitted under the catch-all provision contained in Idaho Rule of Evidence 803(24) which states:

> A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

If this Court were to allow a police report to be admitted in a civil case under Rule 803(24), the decision would evade and nullify the purpose of Rule 803(8)(A), which specifically excludes such documents. Idaho Rule of Evidence 803(24) is a general catch-all rule applicable to all forms of hearsay. On the other hand, Idaho Rule of Evidence 803(8)(A) is a specific rule dealing exclusively with public records and police reports. Therefore, the general rule may not be used to avoid the specific rule. In reviewing the court's grant of the Respondents' Motion to

Strike, this Court finds that the trial court acted within the bounds of discretion, applied the correct legal standards, and reached its decision through an exercise of reason. Therefore, the lower court did not abuse its discretion in striking Aherin's affidavit.

### 3. Striking the Affidavit of Thomas Thayer

Appellants filed the Affidavit of Thomas Thayer in opposition to Respondents' Motion for Summary Judgment. Thayer stated that he and Petrovich did a pre-trip inspection of the semi-truck and trailer, where Petrovich inspected the driver's side of the truck and Thayer inspected the passenger's side. Thayer stated that Petrovich should have inspected both sides of the truck himself and alleges that Petrovich falsely certified that he had done the entire inspection. Thayer stated that he observed a hole in the brake canister. Thayer then stated:

> When I was driving the semi-truck prior to the wreck, I noticed that the truck was pulling to the right in an extreme fashion. This was due to the faulty brake canister on the right hand side, which had a large hole to the inside. We hedged toward the centerline. It was so obvious that Robert Petrovich had to know there was something seriously wrong. I have never had a trailer pull that hard. It is my opinion that if the trailer brakes had been working properly, we may have been able to avoid the collision. Because the braking system was not working properly, this could have prevented the truck and trailer from being quickly stopped.

Thayer also stated that at one point when he was driving, he felt the tires spin when he shifted gears.

The district court struck portions of Thayer's affidavit testimony because parts of the testimony lacked an adequate foundation and were conclusory or speculative. The lower court explained that Thayer's testimony, as a lay witness, was subject to the limitations of Idaho Rule of Evidence 701.

> If the witness is not testifying as an expert, the testimony of the witness in the form of opinions or inferences is limited to those opinions or inferences which are (a) rationally based on the perception of the witness and (b) helpful to a clear understanding of the testimony of the witness or the determination of a fact in issue, and (c) not based on scientific, technical or other specialized knowledge within the scope of Rule 702.

I.R.E. 701. The court accepted Thayer's statement regarding his observation of a hole in the brake canister because it was based upon his personal knowledge and observations and struck all other portions of the affidavit. Even though Thayer observed a hole in the brake canister, there is absolutely no evidence that the hole had any effect on Petrovich's driving or his ability to stop. Moreover, there is certainly no evidence that the hole in the brake canister caused or contributed to the accident.

Appellants argue that the district court abused its discretion by striking the remaining portions of Thayer's affidavit because Thayer also personally observed the pre-trip inspection and that the weather conditions were snowy and foggy. At the time of the collision, Thayer was asleep in the truck's sleeper compartment and cannot testify to the cause of the accident. There is no proof that had Petrovich performed a full inspection of both sides of the semi-truck, the accident would have been prevented; nor is there proof that the hole in the brake canister had any impact on Petrovich's ability to brake.

It is clear from the trial court's memorandum opinion that the court acted within the bounds of discretion, applied the correct legal standards, and reached its decision through an exercise of reason. Thayer is not testifying as an expert in this case. Therefore, Thayer's opinion that a proper brake system could have prevented the collision and his opinion that the truck pulled to the right because of the hole in the brake canister lacks foundation and is not within the competency of Thayer to testify. Therefore, the district court did not abuse its discretion in striking portions of Thayer's affidavit testimony.

## C. The District Court Did Not Err In Denying Appellants' Motions for Reconsideration

Appellants filed Motions for Reconsideration and submitted the Affidavit of William H. Skelton, Jr., the Affidavit of Margaret "Peg" J. Roy, and the Affidavit of Bradley Doty in support of their motions. Appellants filed Skelton's affidavit to correct the fact that they previously submitted a declaration in opposition to summary judgment. The contents of Skelton's affidavit are identical to the contents of the previously filed declaration. Appellants submitted an affidavit from Roy, a licensed pharmacist, in order to testify that Allopurinol *can* cause drowsiness and impact one's reaction time. Appellants also submitted Idaho State Police Sergeant Doty's affidavit in order to admit the Incident Report from the accident. Appellants sought to introduce Petrovich's statement in which he told Sergeant Doty that he had not taken any medication for approximately six weeks prior to the accident. The district court reconsidered whether Appellants could establish any negligence on the part of Petrovich that caused the collision. The court also reconsidered whether Thayer's claim of negligence against Petrovich must be dismissed under Idaho's Workers' Compensation statutes, which will be discussed further in Part V.E. below. The district court denied Appellants' Motions for Reconsideration, finding that the supporting affidavits did not establish a genuine issue of material fact for trial.

The district court has no discretion on whether to entertain a motion for reconsideration pursuant to Idaho Rule of Civil Procedure 11(a)(2)(B). On a motion for reconsideration, the court

12

must consider any new admissible evidence or authority bearing on the correctness of an interlocutory order. *See PHH Mortg. Servs. Corp. v. Perreira*, 146 Idaho 631, 635, 200 P.3d 1180, 1184 (2009) (citing *Coeur d'Alene Mining Co. v. First Nat'l Bank of N. Idaho*, 118 Idaho 812, 823, 800 P.2d 1026, 1037 (1990)). However, a motion for reconsideration need not be supported by any new evidence or authority. When deciding the motion for reconsideration, the district court must apply the same standard of review that the court applied when deciding the original order that is being reconsidered. In other words, if the original order was a matter within the trial court's discretion, then so is the decision to grant or deny the motion for reconsideration. If the original order was governed by a different standard, then that standard applies to the motion for reconsideration. Likewise, when reviewing a trial court's decision to grant or deny a motion for reconsideration, this Court utilizes the same standard of review used by the lower court in deciding the motion for reconsideration. If the decision was within the trial court's discretion, we apply an abuse of discretion standard. On the other hand, when reviewing the grant or denial of a motion for reconsideration following the grant of summary judgment, this Court must determine whether the evidence presented a genuine issue of material fact to defeat summary judgment. In this case, the trial court was asked to reconsider the granting of a motion for summary judgment, so the summary judgment standard applied both to the trial court deciding the motion for reconsideration and to our review of that decision on appeal.

### 1. The Affidavit of William H. Skelton

This Court has already reviewed the district court's decision to strike Skelton's affidavit in Part V.B.1 of this Opinion, and this Court affirms the lower court's decision because Skelton's opinions failed to set forth any specific principles or methodologies used to reach his conclusions.

### 2. The Affidavit of Margaret "Peg" Roy

Roy's affidavit stated that she is a licensed pharmacist and is familiar with the medication Allopurinol for the treatment of gout. Roy stated that potential side effects include impaired thinking or reaction and that the drug may cause drowsiness, which could affect one's driving. The affidavit also attached a printout of information regarding the side effects associated with Allopurinol.

### 3. The Affidavit of Bradley Doty

Doty's affidavit stated that he was dispatched to a fatality vehicle crash on the morning of December 5, 2007. The affidavit attached Doty's Incident Report from the Idaho Vehicle Collision Report which he completed following his investigation of the crash. The report

included statements made by Petrovich, including that Petrovich had not taken any medication for approximately six weeks prior to the accident.[5]

In submitting these affidavits, Appellants sought to raise a genuine issue of material fact regarding whether Petrovich's usage of Allopurinol prior to the accident made him drowsy and impaired his ability to react, thereby contributing to the cause of the collision. The district court found that the affidavits of Roy and Doty did not raise questions of fact regarding causation because Roy's affidavit did not address whether Petrovich was actually affected by the medication, and Doty's affidavit did not address the cause of the collision.

It is clear from the trial court's Memorandum Opinion and Order on Plaintiffs' Motions for Reconsideration that the district court considered its prior summary judgment ruling and analyzed the affidavits submitted by Appellants. The lower court carefully reviewed the new facts set forth in the affidavits and denied Appellants' Motions for Reconsideration because the Appellants failed to raise a genuine issue of material fact regarding the cause of the accident. This Court agrees that the Appellants' affidavits failed to present an issue of material fact regarding causation because the affidavits failed to address whether the Allopurinol actually affected Petrovich. Therefore, this Court affirms the lower court's decision denying Appellants' Motions for Reconsideration.

**D. The District Court Did Not Abuse Its Discretion By Denying Appellants' Motion to Amend the Amended Complaint**

Appellants moved the lower court to amend the Amended Complaint in order to add additional facts that were obtained during discovery regarding Petrovich's negligence. Appellants did not propose to add a new cause of action, but merely sought to supplement the original claim of negligence with additional facts. Specifically, Appellants sought to include facts relating to Petrovich's truck pulling to the right, the hole in the brake canister, the truck's defective braking system, the fact that Petrovich was driving 55 miles per hour on icy roads, and that Petrovich had taken Allopurinol prior to the accident. In their Motion to Amend the Amended Complaint, Appellants also wanted to include a claim for punitive damages. The district court denied Appellants' motion because the court had already considered the factual allegations that Appellants sought to include in their Second Amended Complaint when the court made its ruling on summary judgment. The court also explained that the facts of this case do not support an award of punitive damages.

---

[5] At best, such evidence would be pertinent to credibility, but not relevant to negligence, and not material enough to create an issue of fact regarding causation.

14

A trial court's decision to grant or to deny a motion to amend a pleading is reviewed by this Court under an abuse of discretion standard. *Indian Springs, LLC v. Indian Springs Land Inv., LLC*, 147 Idaho 737, 750, 215 P.3d 457, 470 (2009) (citing *Silver Creek Computers, Inc. v. Petra, Inc.*, 136 Idaho 879, 881, 42 P.3d 672, 674 (2002)). "A trial court does not abuse its discretion if it (1) correctly perceives the issue as discretionary, (2) acts within the bounds of discretion and applies the correct legal standards, and (3) reaches the decision through an exercise of reason." *O'Connor v. Harger Constr., Inc.*, 145 Idaho 904, 909, 188 P.3d 846, 851 (2008) (citing *West Wood Invs., Inc. v. Acord*, 141 Idaho 75, 82, 106 P.3d 401, 408 (2005)).

After reviewing the trial court's Memorandum Opinion and Order on Defendants' Motion for Summary Judgment, Defendants' Motion to Strike, and Plaintiffs' Motions to Amend Complaints, this Court concludes that the district court considered all the factual allegations surrounding Petrovich's alleged negligence in ruling on the Respondents' Motion for Summary Judgment. The trial court specifically analyzed whether Appellants had proven that genuine issues of material fact existed surrounding whether Petrovich's usage of Allopurinol impaired his reaction time and contributed to the cause of the accident, whether the semi-truck had defective braking equipment, whether the hole in the brake canister prevented Petrovich from avoiding the accident, and whether it was unreasonable for Petrovich to drive 55 miles per hour on icy roads. Therefore, this Court affirms the lower court's decision to deny Appellants' Motion to Amend the Amended Complaint because the district court had already considered all of the factual allegations involving Petrovich's alleged negligence. Lastly, although Appellants filed a Motion to Amend the Amended Complaint to add a claim for punitive damages, we need not address this issue because this Court has already ruled that Petrovich was not negligent.

E.     **This Court Need Not Resolve the Issue of Whether the District Court Erred In Barring Thayer's Negligence Claim Against Petrovich**

This Court need not address whether Thayer's claim of negligence against Petrovich is barred by the exclusive remedy rule under Workers' Compensation statutes because Appellants failed to establish a claim for negligence and/or proximate causation against Petrovich as a matter of law. Therefore, deciding whether the exclusive remedy rule applies is irrelevant, because Thayer cannot prevail on a claim of negligence when the evidence fails to prove that Petrovich caused or contributed to the collision.

## VI. CONCLUSION

This Court affirms the district court's grant of summary judgment in favor of Petrovich. This Court further finds that the district court did not abuse its discretion in striking the affidavits

of William H. Skelton, Darrel W. Aherin, and portions of the affidavit of Thomas Thayer. This Court finds that the district court did not abuse its discretion in denying Appellants' Motion to Amend the Amended Complaint and that the district court did not err in denying Appellants' Motions for Reconsideration. Costs on appeal are awarded to Respondents.

Chief Justice BURDICK, Justices EISMANN, J. JONES and HORTON CONCUR.