**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 45133**

| | | |
|---|---|---|
| MICHAEL J. SPARKES, an individual, | ) | 2018 Unpublished Opinion No. 404 |
| | ) | |
| Plaintiff-Appellant, | ) | Filed: March 29, 2018 |
| | ) | |
| v. | ) | Karel A. Lehrman, Clerk |
| | ) | |
| IDAHO DEPARTMENT OF FISH AND | ) | THIS IS AN UNPUBLISHED |
| GAME, a political subdivision of the State | ) | OPINION AND SHALL NOT |
| of Idaho; Idaho Department of Fish and | ) | BE CITED AS AUTHORITY |
| Game Officers JOSH ROYSE, JOSH | ) | |
| STANLEY, ERIC CRAWFORD, T. | ) | |
| KLUCKEN, BRIAN MAREK, ROBERT | ) | |
| HOWE, ANDY SMITH, DAVID | ) | |
| SILCOCK, DOUG PETERSON; STATE | ) | |
| OF IDAHO OUTFITTERS & GUIDES | ) | |
| LICENSING BOARD, a political | ) | |
| subdivision of the State of Idaho; State of | ) | |
| Idaho Outfitters & Guides Licensing | ) | |
| Board employee RANDALL B. | ) | |
| WADLEY, acting in their official capacity | ) | |
| under color of state law and, individually; | ) | |
| JOHN DOE I THROUGH V, and JANE | ) | |
| DOES I THROUGH V, | ) | |
| | ) | |
| Defendants-Respondents. | ) | |

Appeal from the District Court of the First Judicial District, State of Idaho, Kootenai County. Hon. Richard S. Christensen, District Judge.

Order granting summary judgment, affirmed.

Michael J. Sparkes, Chattaroy, Washington, pro se appellant.

Clements, Brown & McNichols, P.A.; Bentley G. Stromberg, Lewiston, for respondents.

---

GRATTON, Chief Judge

Michael J. Sparkes appeals from the district court's order granting summary judgment in favor of the Idaho Department of Fish and Game (IDFG), the Idaho Outfitters & Guides

1

Licensing Board (the Board), the Board's education and enforcement officer Randall Wadley, and nine IDFG officers in their individual and official capacities (collectively respondents). We affirm.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Sparkes leased approximately 20,000 acres of private property near Leadore, Idaho. Sparkes began charging others a fee for permission to hunt on the leased property. IDFG investigated Sparkes after becoming suspicious that he was guiding and/or outfitting without a license on the leased property, in violation of Idaho Code § 36-2104(1). Wadley sent Sparkes a letter advising him to stop advertising for guiding and outfitting in Idaho because Sparkes did not have the required license. The letter also explained how Sparkes could obtain a license. However, Sparkes never applied for nor did he obtain a guiding and/or outfitting license. Sparkes did, however, continue selling hunts on the Leadore property after he had received Wadley's letter.

As part of IDFG's investigation, two IDFG officers covertly booked hunting trips through Sparkes for hunts on the leased property. The undercover officers alleged to have discovered evidence of unlicensed guiding during their covert hunting excursions on the Leadore property. Thereafter, IDFG referred the case to the United States Fish and Wildlife Service (USFWS). USFWS concluded that the IDFG investigation sufficiently showed that Sparkes had violated the Lacey Act, 16 U.S.C. § 3372(c)(1)(A), and secured a federal search warrant for Sparkes' properties. The searches were conducted on April 10, 2013, and resulted in the seizure of various items of Sparkes' personal property. Ultimately, the United States Attorney's Office declined to prosecute Sparkes. The State also elected not to charge Sparkes ostensibly because the Idaho Legislature excepted private landowners from the prohibition against unlicensed outfitting and guiding on private property while the State was making its charging decision. Sparkes' property was eventually returned to him in July 2015, more than two years after it was seized.

In April 2015, Sparkes filed a complaint against IDFG, the Board, Wadley, and nine IDFG officers in both their individual and official capacities. The complaint asserted the following federal and state causes of action: (1) 42 U.S.C. § 1983 malicious prosecution; (2) § 1983 failure to train and supervise; (3) § 1983 unlawful search and seizure; (4) § 1983

2

malicious abuse of substantive and procedural due process; (5) conversion; (6) negligent infliction of emotional distress; (7) intentional infliction of emotional distress; (8) tortious interference with economic expectation; and, (9) adverse tax consequences. The respondents filed a motion for summary judgment on all claims, which Sparkes opposed. Sparkes then filed a motion for leave to amend the complaint and attached a copy of his proposed amended complaint thereto. The court deferred ruling on Sparkes' motion for leave to amend until after it had rendered a decision on the respondents' motion for summary judgment. The court held a hearing on the motion for summary judgment and issued its memorandum decision and order granting the respondents' motion for summary judgment. Sparkes subsequently filed a motion for reconsideration. The court held a hearing on the motion, concluded that granting the motion for summary judgment was proper, and issued a written order denying the motion for reconsideration. The court entered a judgment for dismissal with prejudice. Sparkes timely appeals.

## II.

## ANALYSIS

### A.     Motion for Summary Judgment

Sparkes asserts that the district court erred in granting the motion for summary judgment in favor of the respondents and denying his motion for reconsideration. On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. I.R.C.P. 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence

3

of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

In reviewing the denial of a motion for reconsideration, "this Court utilizes the same standard of review used by the lower court in deciding the motion for reconsideration." *Fragnella v. Petrovich*, 153 Idaho 266, 276, 281 P.3d 103, 113 (2012). "[W]hen reviewing the grant or denial of a motion for reconsideration following the grant of summary judgment, this Court must determine whether the evidence presented a genuine issue of material fact to defeat summary judgment." *Id.* This Court exercises free review if "the decision turned on a question of law." *AED, Inc. v. KDC Investments, LLC*, 155 Idaho 159, 163, 307 P.3d 176, 180 (2013).

### 1. Section 1983 claims

On appeal, Sparkes argues that the district court erred by summarily dismissing his § 1983 claims. According to Sparkes, a genuine issue of material fact exists and the pleadings depositions, affidavits and admissions on file, when viewed in a light most favorable to him, support vacation of the trial court's summary judgment ruling.

The respondents argue that no genuine issue of material fact precluded summary judgment on Sparkes' § 1983 claims. We agree.

IDFG, the Board, and the officers in their official capacities are not subject to suit under § 1983. Section 1983 creates no substantive rights; rather, it creates a cause of action for enforcing federal constitutional and statutory rights. Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Importantly, the "state of Idaho is not a 'person' for purposes of § 1983." *Kessler v. Barowsky*, 129 Idaho 647, 655, 931 P.2d 641, 649 (1997). Additionally, IDFG is "an executive department of the state government," I.C. § 36-101, and the Board was created as an

agency in the Department of Fish and Game. I.C. § 36-2105. Therefore, IDFG and the Board, as divisions of the State, are not persons for purposes of § 1983.

Furthermore, Wadley and the officers are not persons for purposes of § 1983 insofar as they were sued in their official capacities. When a plaintiff sues government officials in their official capacities, the plaintiff is seeking to recover compensatory damages from the government body itself. *Brandon v. Holt*, 469 U.S. 464, 471-72 (1985). Thus, a "suit against a state official acting in an official capacity is nothing more than a suit against the state, and state officials acting in their official capacity are not 'persons' under § 1983." *Kessler*, 129 Idaho at 649, 931 P.2d at 655. Here, Sparkes' complaint asserted claims against Wadley and the officers in both their official and individual capacities. Insofar as they were sued in their official capacities, Wadley and the officers are not persons for purposes of § 1983.

Because IDFG, the Board, and Wadley and the officers in their official capacities are not persons for purposes § 1983, they are not subject to suit pursuant to § 1983. Accordingly, there are no genuine issues of material fact with respect to Sparkes' § 1983 claims against IDFG, the Board, or Wadley and the officers in their official capacities. Consequently, the only viable § 1983 claims in Sparkes' complaint were the claims against Wadley and the officers in their individual capacities.[1]

With respect to Sparkes' claims against Wadley and the officers in their individual capacities, the district court initially granted summary judgment in their favor on the basis of I.C. § 6-610. However, at the hearing on the motion for reconsideration, the court stated that it had erred by dismissing these claims on that basis. Nevertheless, the court concluded that granting the respondents' motion for summary judgment was nonetheless proper because Sparkes failed to allege in the complaint the particular conduct each official had undertaken to violate his rights.[2] The respondents argue that the district court's conclusion that there is no evidence each

---

[1] Sparkes' counsel acknowledged at the hearing on the motion for reconsideration that the only viable § 1983 claims in the complaint were those claims against Wadley and the officers in their individual capacity.

[2] The problem the court has had in this matter is that the pleading in this case does not indicate what defendants did what actions. . . . And the Court notes that, under Rule 9(b), Civil Rule of Procedure 9(b), in alleging fraud or mistake or a violation of civil or constitutional rights . . . the party must state with

5

individual engaged in particular conduct that purportedly violated any of Sparkes' constitutional rights was correct. We agree.

Sparkes' § 1983 claims against the officials in their individual capacities were properly dismissed. "In alleging . . . a violation of civil or constitutional rights, a party must state with particularity the circumstances constituting . . . the violation of civil or constitutional rights." Idaho Rule of Civil Procedure 9(b). The complaint alleged that the respondents had collectively engaged in conduct that violated Sparkes' rights, but did not delineate any specific conduct by the individual officials. Thus, Sparkes failed to allege with particularity the conduct that each official undertook in violation of his civil or constitutional rights as required by I.R.C.P. 9(b). Accordingly, construing the facts in favor of Sparkes, the court's grant of summary judgment on Sparkes' § 1983 claims in favor of the respondents was proper.

### 2.    State law claims

Sparkes argues that the court erred by dismissing the state law claims in his complaint pursuant to I.C. § 6-610. The respondents argue that Sparkes' state law claims were properly dismissed. We agree.

Sparkes' state law claims were properly dismissed. First, Sparkes' counsel conceded that the state law claims were "out." Second, the bond must be filed at the time of filing of the complaint.

> Before any civil action may be filed against any law enforcement officer or[3] service of civil process on any law enforcement officer, when such action arises out of, or in the course of the performance of his duty . . . [Plaintiff] shall prepare and file with, and at the time of filing the complaint . . . a written undertaking

particularity the circumstances constituting fraud or mistake or the violation of civil or constitutional rights. . . .
    The Court finds that this--the complaint nor the proposed amended complaint was pled with particularity in this instance. The Court could not delineate what it is that these individual defendants are accused of doing that violate the civil rights of Mr. Sparkes.

In other words, the complaint alleged that the respondents all "did the same things."

3    Sparkes misreads I.C. § 6-610(2) to require filing of the bond either at or before the time of filing of the complaint or service of process. The language of the section must be read together and it clearly requires that the plaintiff "shall prepare and file with, and *at the time of filing the complaint* . . . a written undertaking." (emphasis added).

6

along with at least two (2) sufficient sureties in an amount to be fixed by the court.

I.C. § 6-610(2). "Idaho Code § 6-610 . . . requires a plaintiff to post bond 'as a condition precedent' to initiating suit against, or serving process on, an officer." *Allied Bail Bonds, Inc. v. Cty. of Kootenai*, 151 Idaho 405, 410, 258 P.3d 340, 345 (2011). "I.C. § 6-610(2) plainly requires a plaintiff to post bond before it initiates suit against a law enforcement officer, and also that I.C. §§ 6-610(4) and 6-610(5) permit an objection and dismissal where a plaintiff fails to do so." *Allied*, 151 Idaho at 410, 258 P.3d at 345 (holding that the district court properly dismissed claims against a sheriff because the plaintiff filed the required bond one day after filing the complaint). Sparkes concedes in his reply brief that he initiated suit on April 10, 2015, by filing the complaint and filed a written undertaking with the sureties on April 17, 2015, seven days after Sparkes filed his complaint. Because Sparkes filed the complaint before filing the statutorily required bond, summary dismissal of the state law claims on the basis of I.C. § 6-610 was proper.

In sum, no genuine issue of material fact exists and the respondents are entitled to judgment as a matter of law on the original complaint.

**B.     Motion to Amend**

Sparkes also asserts that the district court abused its discretion by deferring and refusing Sparkes' motion for leave to amend his complaint. The respondents argue that the district court did not abuse its discretion. We agree.

The court did not abuse its discretion by failing to allow Sparkes' motion for leave to amend the complaint. The Idaho Rules of Civil Procedure permit a plaintiff to amend his complaint after a responsive pleading is served, but only upon obtaining leave of the court or consent from the adverse party. I.R.C.P. 15(a)(2). A trial court's decision to grant or to deny a motion to amend a pleading is reviewed under an abuse of discretion standard. *Fragnella*, 153 Idaho at 277, 281 P.3d at 114. "If the amended pleading does not set out a valid claim . . . it is not an abuse of discretion for the trial court to deny the motion to file the amended complaint." *Black Canyon Racquetball Club, Inc. v. Idaho First Nat. Bank, N.A.*, 119 Idaho 171, 175, 804 P.2d 900, 904 (1991). A proposed amendment which would not entitle the party to the relief claimed is properly refused. *Bissett v. State*, 111 Idaho 865, 869, 727 P.2d 1293, 1297 (Ct. App. 1986).

Here, the proposed amended complaint would not have entitled Sparkes to relief. The district court reviewed the original complaint and the proposed amended complaint and found that neither "was pled with particularity in this instance. The Court could not delineate what it is that these individual defendants are accused of doing that violate the civil rights of Mr. Sparkes." The proposed amended complaint failed to state with particularity the circumstances constituting the violation of Sparkes' civil or constitutional rights, and thus the claims in the proposed amended complaint were futile and would not entitle Sparkes to relief. Accordingly, the district court did not abuse its discretion by denying Sparkes' motion to amend.

## C.      Attorney Fees

Finally, Sparkes requests attorney fees. Attorney fees are permissible on appeal to the *prevailing party* in a civil action. *Anderson v. Goodliffe*, 140 Idaho 446, 450, 95 P.3d 64, 68 (2004) (emphasis added). Sparkes has failed to show that the district court erred in granting the respondents' motion for summary judgment or abused its discretion by denying his motion for leave to amend. Thus, he is not the prevailing party on appeal. Additionally, Sparkes is not represented by an attorney on appeal. Accordingly, Sparkes is not entitled to attorney fees.

The respondents also request attorney fees pursuant to both I.C. § 12-117 and 42 U.S.C. § 1988. I.C. § 12-117(2) provides:

> If a party to a proceeding prevails on a portion of the case, and . . . the court hearing the proceeding, including on appeal, finds that the nonprevailing party acted without a reasonable basis in fact or law with respect to that portion of the case, it shall award the partially prevailing party reasonable attorney's fees, witness fees and other reasonable expenses with respect to that portion of the case on which it prevailed.

Thus, the fees that the respondents seek under § 12-117 are mandatory if we conclude that Sparkes acted without reasonable basis of fact or law. Furthermore, 42 U.S.C. § 1988 provides, "In any action or proceeding to enforce a provision of section[] . . . 1983 . . . of this title . . . the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee as part of the costs . . . ." Thus, attorney fees sought under § 1988 may be awarded at the discretion of this Court. We cannot say that this appeal was without any reasonable basis in fact or law and, therefore, decline to award attorney's fees.

8

**III.**

**CONCLUSION**

The district court did not err in granting the motion for summary judgment in favor of the respondents.  The district court did not abuse its discretion by denying Sparkes' motion to amend.  We decline to award attorney fees.  Thus, the order of the district court granting summary judgment in favor of the respondents is affirmed.  Costs, but not attorney fees, are awarded to the respondents.

Judge HUSKEY and Judge LORELLO **CONCUR**.