# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 43346

| | |
|---|---|
| PORTFOLIO RECOVERY ASSOCIATES, LLC., ) ) ) | |
| Plaintiff-Respondent, ) ) | **Boise, January 2017 Term** |
| v. ) ) | **2017 Opinion No. 57** |
| LLOYD MACDONALD, ) ) | **Filed: June 1, 2017** |
| Defendant-Appellant. ) ) ) | **Stephen W. Kenyon, Clerk** |

Appeal from the District Court of the Seventh Judicial District of the State of Idaho, Bonneville County. Hon. Jon J. Shindurling, District Judge.

The decision of the district court is <u>reversed</u> and <u>remanded</u>.

Ballard Law, PLLC, Rexburg, for appellant.

Johnson Mark, LLC, Meridian, for respondent.

## ON THE BRIEFS
_____

BRODY, Justice.

This is a debt collection matter. Plaintiff Portfolio Recovery Associates, LLC ("PRA") sued Defendant Lloyd MacDonald for the amount owed on a Citibank credit card account. MacDonald filed a motion for summary judgment, arguing that PRA did not have standing to bring this action because it could not prove that the debt had been assigned by Citibank to PRA. PRA filed a cross-motion for summary judgment. MacDonald objected to the evidence PRA submitted to support its position, arguing that the evidence was inadmissible hearsay and lacked adequate foundation. The magistrate court overruled MacDonald's objections and granted summary judgment in favor of PRA. MacDonald appealed to the district court. The district court affirmed the magistrate court's decision. We reverse.

## I.
## FACTUAL AND PROCEDURAL BACKGROUND

1

PRA purchases charged-off credit card accounts and then attempts to collect the debts. PRA claims to own a Citibank credit card account for Lloyd MacDonald. PRA sued MacDonald in magistrate court alleging he failed to pay $3,776.29 owed on the account. MacDonald filed a motion for summary judgment, arguing that PRA did not have standing to bring the suit because PRA could not prove that the account had been assigned to it. PRA filed an objection to MacDonald's motion and a cross-motion for summary judgment. PRA attached the following exhibits to its objection and cross-motion:

Exhibit 1    Affidavit of Chad Robertson, a Citibank Document Control Officer ("Robertson Affidavit"). No exhibits are attached to the affidavit itself.

Exhibit 2    Affidavit of Sale of Account by Original Creditor signed by Patricia Hall, a Citibank Financial Account Manager, dated July 16, 2013 ("Hall Affidavit").

Exhibit 3    Bill of Sale and Assignment from Citibank to PRA

Exhibit 4    Missing (it is not part of the Clerk's Record and is not part of the record below).

Exhibit 5    Sears credit card statements in MacDonald's name.

MacDonald objected to the consideration of these exhibits, arguing that they are inadmissible hearsay and that the statements contained in the Robertson Affidavit lack foundation. The magistrate court overruled MacDonald's evidentiary objections and granted summary judgment in favor of PRA. MacDonald appealed the magistrate court's decision to the district court. The district court, sitting as an intermediate appellate court, affirmed the magistrate court's decision. MacDonald appeals the district court's decision, arguing that the Robertson Affidavit and credit card statements are inadmissible and should not have been considered when deciding the parties' cross-motions for summary judgment.

## II.
## STANDARD OF REVIEW

When reviewing the decision of a district court sitting in its capacity as an appellate court

> [t]he Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure.

*Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012) (quoting *Losser v. Bradstreet*, 145 Idaho 670, 672, 183 P.3d 758, 760 (2008)). "Thus, this Court does not review the decision of

the magistrate court." *Pelayo v. Pelayo*, 154 Idaho 855, 859, 303 P.3d 214, 218 (2013). "Rather, we are 'procedurally bound to affirm or reverse the decisions of the district court.'" *Id*. (quoting *State v. Korn*, 148 Idaho 413, 415 n.1, 224 P.3d 480, 482 n.1 (2009)).

### III.
### ANALYSIS

**A.    The Robertson Affidavit does not contain adequate foundation and is not admissible under the business records exception to the hearsay rule.**

MacDonald challenged the admissibility of the Robertson Affidavit, arguing that the statements contained in the affidavit are hearsay and lack adequate foundation. He argued that the affidavit should not be considered when deciding the cross-motions for summary judgment based on the 2014 version of Idaho Rule of Civil Procedure 56(e) which provided that assertions of fact must be properly supported by admissible evidence. Rule 56(e) stated:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.

We have held that these requirements "are not satisfied by an affidavit that is conclusory, based on hearsay, and not supported by personal knowledge." *State v. Shama Res. Ltd. P'ship*, 127 Idaho 267, 271, 899 P.2d 977, 981 (1995).

To determine the admissibility of the Robertson Affidavit it is necessary to look at the actual text of the document. The Robertson Affidavit stated in relevant part:

AFFIDAVIT

STATE OF MISSOURI        )
                         ) ss.
COUNTY OF PLATTE         )

Account Holder: LLOYD MACDONALD        Account # ending in 2766
SSN/EIN/TIN #: xxx-xx-8980

The undersigned, Chad Robertson, being duly sworn, states and deposes as follows:

1. I am an employee of Citibank, N.A. ("Citibank"), a national bank located in Sioux Falls, South Dakota, and I am authorized to make this Affidavit. My job title is Document Control Officer. My job responsibilities include reviewing and obtaining account information in Citibank's records as it relates to credit card accounts owned or previously owned by Citibank. This includes accounts previously owned by Citibank (South Dakota), N.A., which merged into Citibank in or about July 2011. The statements set forth in this affidavit are true and correct to the best of my knowledge, information and belief based on either personal knowledge or review of the business records of Citibank.

2. My duties include having knowledge of, and access to, business records relating to the Citibank account referenced above. These records are kept by Citibank in the regular course of business and it was in the regular course of business of Citibank for an employee or representative with personal knowledge of the act, event, condition, or opinion recorded to make memorandum or records or to transmit information thereof to be included in such memorandum or records; and that the records were made at or near the time of the act and/or event recorded or reasonably soon thereafter.

3. ***Citibank's records reflect that a credit card account ending in account number 2766 (the "Account") was sold to Portfolio Recovery Associates, LLC on or about 6/27/2013.*** At the time the Account was sold, Citibank prepared and forwarded to Portfolio Recovery Associates, LLC ***a spreadsheet reflecting Account information as of the sale date based on Citibank's records, including, among other things, the Account number, Account balance, the date of the last payment, the Account holder's name, and Social Security number (the "Account Information").*** The Account Information reflects that the Account was opened on 10/4/2005. The Account Information reflects that the Account holder's name at time of the sale was LLOYD MACDONALD, with a Social Security number ending: xxx-xx-8980.

4. The Account Information indicates that, as of the date the Account was sold, there was due and payable on the Account $3,776.29.

5. The Account Information reflects that, as of the date the Account was sold, the last Account payment received by Citibank posted to the Account on 10/2/2012.

(emphasis added).

The district court examined MacDonald's objections to the Robertson Affidavit under Idaho Rule of Evidence 803(6)—the business records exception to the hearsay rule. Rule 803(6) sets forth the foundational requirements for the admission of business records. It states:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness:

(6) A memorandum, report, record, or data compilation, ***in any form***, of acts, events, conditions, opinions or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation,

4

all as shown by the testimony of the custodian or other qualified witness, or by certification that complies with 902(11), unless the opponent shows the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term "business" as used in this paragraph includes business, institution, association, profession, occupation and calling of every kind, whether or not conducted for profit.

I.R.E. 803(6) (emphasis added).

This Court has made it clear that Rule 803(6) does not require the testimony of the person who created the document in order to admit it as a business record. "The general requirement for admission under I.R.E. 803(6) is that the document be 'produced in the ordinary course of business, at or near the time of occurrence and not in anticipation of trial.'" *Large v. Cafferty Realty, Inc.*, 123 Idaho 676, 683, 851 P.2d. 972, 979 (1993) (citing *Beco Corp. v. Roberts & Sons Const. Co.*, 114 Idaho 704, 711, 760 P.2d 1120, 1127 (1988)). The Court has also noted:

> Because records of regularly conducted activity are not normally self proving, as public records may be under Rule 803(8), the testimony of the custodian or other person who can explain the record keeping of the organization is ordinarily essential. The custodian need not have personal knowledge of the actual creation of the document nor need [the custodian] have been an employee of the business when the record was made. ***The test is whether [the custodian] has knowledge of the system used to make the record and not whether [the custodian] has knowledge of the contents of the record.***

*Id.* (quoting *Report of the Idaho State Bar Evidence Committee*, C 803, p. 10 (4th Supp. 1985) (emphasis added)).

MacDonald argued that the statements contained in the Robertson Affidavit are likely based on information contained on a computer screen. We agree. The fact that Robertson's statements are based on electronic information, however, still implicates Rule 803(6). The Rule makes it clear that a business record can be ***in any format***. In other words, a paper printout is not required to fall under the Rule. Having said that, however, we recognize that electronic information raises heightened concerns about accuracy and authenticity. This is where the foundation for Robertson's statements falls apart.

Robertson stated in his affidavit that Citibank records showed that the account linked to MacDonald was sold to PRA. He did not identify the records he examined and did not explain when or how the information was entered into the Citibank records. Robertson also stated that Citibank prepared and delivered a spreadsheet to PRA reflecting account information as of the sale date. Robertson does not explain, however, how that spreadsheet was made or the

5

procedural safeguards that were used to make sure that the information taken from Citibank records and put on the spreadsheet was accurate. His affidavit also does not contain any statement verifying that the information on the spreadsheet was still accurate at the time of his affidavit. The reality is that consumers do not always know or understand when accounts are sold and may make payments to their credit card company that are not reflected on a spreadsheet created at the time of the sale of the debt. For these reasons we find that the foundation for the statements contained in the Robertson Affidavit was not adequate under Rule 803(6).

The magistrate court ruled on MacDonald's objection to the Robertson Affidavit from the bench. Unfortunately, the court did not go through a detailed analysis of the affidavit itself on the record. Instead, the court ruled that it was persuaded to admit the affidavit based on another trial court opinion that MacDonald submitted. We have reviewed that opinion and do not find that it addresses the issues raised in this case. The magistrate court also stated that it would more fully articulate the basis for its decision in two cases that were under advisement in another county. Those decisions are not part of this record, and we cannot use them to evaluate the magistrate court's reasoning. There is not an adequate record to support the magistrate court's decision to admit the Robertson Affidavit, and as such, we find that the magistrate court abused its discretion. The district court erred when it affirmed the magistrate court's decision.

**B.      The Sears Credit Card Statements were inadmissible because they lacked certification.**

MacDonald also challenged the admissibility of the Sears credit card statements that were submitted by PRA. He contends that the credit card statements are hearsay and do not fall under the business records exception in Rule 803(6). The magistrate court ruled that the credit card statements were admissible. The district court affirmed the decision, finding that the Robertson Affidavit satisfied the certification requirements of Idaho Rule of Evidence 902(11). Rule 902(11) allows the admission of certified records of regularly conducted activity without extrinsic evidence of authenticity. Under the rule, the custodian of the record, or another qualified person, must certify that the record: (1) was made, at or near the time of the occurrence of the matters in the record to be admitted, by a person who has knowledge of those events; (2) is kept in the course of regularly conducted activity; and (3) was made as a regular practice. Because we have ruled that the Robertson Affidavit is inadmissible, there is no certification for the Sears credit card statements. As such, it was an abuse of discretion for the magistrate court to consider the credit card statements, and the district court erred when it affirmed that decision.

6

**C.**     **The catch-all exception to the hearsay rule cannot be used to admit the Robertson Affidavit or Sears Credit Card Statements.**

PRA contends that the "catch-all" exception to the hearsay rule can be used to admit the Robertson Affidavit and Sears credit card statements. Rule 803(24) of the Idaho Rules of Evidence is the catch-all exception. The rule states in relevant part:

The following are not excluded by the hearsay rule, even though the declarant is available as a witness.

> (24) Other exceptions. A statement not specifically covered by any of the foregoing exceptions but having equivalent circumstantial guarantees of trustworthiness, if the court determines that (A) the statement is offered as evidence of a material fact; (B) the statement is more probative on the point for which it is offered than any other evidence which the proponent can procure through reasonable efforts; and (C) the general purposes of these rules and the interests of justice will best be served by admission of the statement into evidence.

I.R.E. 803(24). To allow PRA to use the catch-all exception in this case would render the foundational requirements in 803(6) and the certification requirements in 902(11) meaningless. We addressed this type of argument in *Fragnella v. Petrovich*, 153 Idaho 266, 281 P.3d 103 (2012). In *Fragnella*, the Court declined to use the catch-all exception to admit a police report where the Idaho Rules of Evidence specifically stated that a police report is not admissible as a public record. *See id.* at 275, 281 P.3d at 112 (discussing I.R.E. 803(8)). Although Rule 803(6) and Rule 902(11) do not prohibit the introduction of the Robertson Affidavit or the Sears credit card statements, these rules lay out basic foundation requirements that simply were not satisfied in this case. We recognize that the magistrate court did not consider whether the "catch-all" provision could be used to admit the evidence at issue. Because we find that the catch-all exception does not apply, no findings by the magistrate court on remand are necessary.

**D.**     **Summary judgment could not be properly granted in MacDonald's favor.**

MacDonald argues that PRA lacks standing to bring suit because the company has not proven that it owns the Citibank account. The district court rejected this argument, finding that the Robertson Affidavit when accompanied by the Bill of Sale and credit card statements shows that an assignment took place. While we generally do not review denials of motions for summary judgment, we find that MacDonald did not adequately marshal PRA's evidence regarding the existence of an assignment, and therefore, summary judgment could not be granted in his favor on this issue.

Standing is not a mere pleading requirement, "'but rather an indispensable part of the plaintiff's case.'" *Camp Easton Forever, Inc. v. Inland Nw. Council Boy Scouts of Am.*, 156 Idaho 893, 898, 332 P.3d 805, 810 (2014) (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992)).

"'[E]ach element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.,* with the manner and degree of evidence required at the successive stages of the litigation.'" *Id.* (quoting *Lujan*, 504 U.S. at 561). Thus, PRA ultimately bears the burden of proving that MacDonald had a contractual obligation to pay money to Citibank and that PRA is the assignee of that obligation.

Because PRA bears this burden of proof, MacDonald's burden in support of his motion for summary judgment could "be satisfied by showing the absence of material fact with regard to" PRA's claim to be the assignee of MacDonald's obligation. *Bromley v. Garey*, 132 Idaho 807, 810, 979 P.2d 1165, 1168 (1999). If the materials that MacDonald submitted in support of his motion for summary judgment satisfied this threshold burden, then the burden shifted to PRA to demonstrate by way of admissible evidence that a genuine issue of material fact exists as to this issue. *Sherer v. Pocatello Sch. Dist. No. 25*, 143 Idaho 486, 489−90, 148 P.3d 1232, 1235–36 (2006).

MacDonald failed to meet this initial burden. Consequently, PRA was not required to present admissible evidence to resist MacDonald's motion for summary judgment. MacDonald could have shown the absence of evidence of an assignment "either by an affirmative showing with [his] own evidence or by a review of all [PRA's] evidence and the contention that such proof of an element is lacking." *Holdaway v. Broulim's Supermarket*, 158 Idaho 606, 611, 349 P.3d 1197, 1202 (2015) (citing *Antim v. Fred Meyer Stores, Inc.*, 150 Idaho 774, 776, 251 P.3d 602, 604 (Ct. App. 2011)).

Apparently, because MacDonald had no personal knowledge as to whether Citibank assigned its interest in his account to PRA, he made no effort to make an affirmative showing that there was no assignment to PRA. Instead, under Rule of Civil Procedure 56 as it then existed, the only basis upon which summary judgment could have been granted to MacDonald due to PRA's lack of standing was if MacDonald presented the trial court with a review of all of PRA's evidence of an assignment coupled with the contention that the assembled evidence failed to demonstrate the existence of an assignment. This did not occur. It is important to note that

8

after the summary judgment proceedings were complete before the trial court, Rule 56 was amended, and the amendments took effect on July 1, 2016. We address Rule 56 as it existed at the time of the trial court's decision.

The only affidavit that MacDonald offered in support of his motion for summary judgment was that of his attorney. The affidavit represented that PRA had responded to the unspecified discovery requests and produced the Bill of Sale, the Affidavit of Patricia Hall, and thirteen account statements that were appended to counsel's affidavits as exhibits. Counsel's affidavit did not assert that the appended documents were the entirety of the evidence produced in response to the discovery request.

MacDonald's brief in support of his motion does represent that "Plaintiff has provided all the documents it will be able to produce to prove the validity of the debt it claims Defendant owes, as well as its evidence it owns the alleged debt." There are two difficulties with this representation. The brief is silent as to whether counsel's affidavit contained all documents PRA provided in response to the discovery requests. The greater difficulty with this representation is that the factual assertions in a party's brief in support of a motion for summary judgment were not a basis for granting a motion for summary judgment at the time of the trial court's ruling. Idaho Rule of Civil Produce 56(c) provided that summary judgment decisions were to be based upon "the pleadings, depositions, and admissions on file, together with the affidavits, if any" offered in support of the motion. A representation contained in a brief is not among the items upon which summary judgment could have been properly granted.

Because MacDonald did not adequately marshal PRA's evidence regarding the existence of an assignment, PRA did not ever have a burden of responsive production to show its standing to pursue its claim, and so summary judgment could not properly be granted in MacDonald's favor.

## IV.
## ATTORNEY'S FEES

MacDonald requests an award of attorney's fees on appeal pursuant to Idaho Code section 12-120(1), which allows reasonable attorney's fees to the prevailing party. Because the case is not yet resolved, there is no prevailing party. Where there is no present prevailing party, this Court has refused to award attorney's fees. *Howard v. Perry*, 141 Idaho 139, 143, 106 P.3d

9

465, 469 (2005). If MacDonald is ultimately the prevailing party, then the trial court may award him attorney's fees for this appeal.

## V.
## CONCLUSION

We reverse the decision of the district court. We remand with instructions to the district court to remand this case to the magistrate court with instructions to vacate the judgment entered in favor of PRA and conduct further proceedings. Costs to MacDonald.


Chief Justice BURDICK, and Justices EISMANN, JONES and HORTON CONCUR.