# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44416

| | | |
|---|---|---|
| ALLEN G. NETTLETON, | ) | |
| | ) | |
| Plaintiff-Respondent, | ) | Boise, October 2017 Term |
| | ) | |
| v. | ) | 2017 Opinion No. 132 |
| | ) | |
| CANYON OUTDOOR MEDIA, LLC, an | ) | Filed: December 21, 2017 |
| Idaho limited liability company, | ) | |
| | ) | Karel A. Lehrman, Clerk |
| Defendant-Appellant. | ) | |
| | ) | |

Appeal from the District Court of the Fourth Judicial District of the State of Idaho, Ada County. Hon. Samuel A. Hoagland, District Judge.

The judgment of the district court is <u>vacated</u> and the case is <u>remanded</u>.

Worst, Fitzgerald & Stover, Boise, for appellant. Louis V. Spiker argued.

Dinius & Associates, PLLC, Nampa, for respondent. Sarah L. Hallock-Jayne argued.

_____

BRODY, Justice.

This case arises from an employment agreement between Allen Nettleton and Canyon Outdoor Media, LLC ("Canyon Outdoor"), and specifically raises issues regarding Nettleton's entitlement to commission wages following his resignation. The district court granted summary judgment in favor of Nettleton and denied Canyon Outdoor's motion for summary judgment and motion for reconsideration of the rulings on summary judgment. We vacate and remand.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Canyon Outdoor is in the business of selling billboard advertisements in southwestern Idaho. At some point during the fall of 2013, Nettleton was hired by Canyon Outdoor as an advertising salesperson. The parties did not enter into a written contract, and, therefore, the parties' competing assertions throughout the record are the primary source of information on the scope of the employment agreement.

Nettleton was hired by Canyon Outdoor owner-manager Curtis Massood to sell billboard real estate. In April 2015, Nettleton resigned in light of disagreements that are not at issue in this case. At that time, Canyon Outdoor paid Nettleton the wages that it claimed were due. Canyon Outdoor did not pay Nettleton any additional wages following his resignation based on its belief that he was no longer entitled to compensation because he could not meet the terms of the employment agreement.

During his employment, Canyon Outdoor compensated Nettleton through three methods: a car allowance, base wages, and commission wages. The car allowance and base wages are not at issue in this case. Nettleton received commission wages on new and renewal contract sales he procured. A new contract was a contract that was either sold to a new customer or sold to a current client and resulted in revenue above the existing contract revenue amount with that client. A renewal contract, on the other hand, was a contract that was sold to a current existing client but did not result in additional revenue above the existing contract revenue amount. When he was first hired, Nettleton received 10% of the revenue received by Canyon Outdoor on new contract sales. The record is unclear as to the percentage he received for renewal contracts.

On February 28, 2014, Nettleton and Canyon Outdoor—through Massood—signed a written schedule setting forth commission rates for new and renewal contracts. The schedule set rates for renewal contracts on an adjustable scale based on the amount of new contract months that Nettleton procured during a given pay period. The schedule also provided that the rate for new contracts would remain the same, stating, "**New Contracts** will be paid at a Rate of 10% of the Monthly Revenue."

Throughout Nettleton's employment, Canyon Outdoor paid commission wages monthly. The amount of commission wages Nettleton received for a given pay period depended on the amount of client revenue that Canyon Outdoor brought in from the respective client contracts. Nettleton testified that he never received commission wages before Canyon Outdoor received payment from the client. Canyon Outdoor clients normally paid in monthly terms. An exception occurred when Nettleton procured a new contract with Snake River Dental in November 2014. Thereafter, in December 2014, the client paid in advance the full amount of its twelve-month contract in exchange for a discounted rate. In this instance, after Snake River Dental paid in full, Canyon Outdoor paid Nettleton's commission wages for the entire contract up front.

Following his resignation, in August 2015, Nettleton filed a two-count complaint against Canyon Outdoor in an effort to recover unpaid commission wages. An amended complaint corrected the name of the defendant and left the allegations unaltered. The first count set forth a wage claim under the Idaho Wage Claim Act, for which Nettleton sought treble damages pursuant to Idaho Code section 45-615. The second count alleged a breach of employment contract as an alternative cause of action that sought the same amount of damages without the statutory modifier. Both counts relied on Nettleton's allegations that he was owed commission wages due on contracts he procured before his resignation.

After discovery, the parties filed summary judgment motions, which were accompanied by declarations, affidavits, and memoranda of support. In his motion, Nettleton clarified that he was only seeking commission wages from new contracts he procured prior to his resignation. Following a hearing on the motions, the court issued its memorandum decision and entered an order denying Canyon Outdoor's motion and granting and denying parts of Nettleton's motion. The partial denial of Nettleton's motion was, in essence, the court allocating some of the damages to the breach of contract count; thus, despite the phrasing, the decision effectively disposed of all of the parties' claims. As such, the court entered a judgment in favor of Nettleton for $21,550. The judgment was later amended to correct Nettleton's name in the caption.

Thereafter, Canyon Outdoor filed a motion for reconsideration of the rulings on summary judgment, attaching an additional declaration from Massood and a supporting memorandum, and later submitting additional briefing. The motion was heard along with the parties' countering applications for attorney's fees and costs. Following the hearing, the court entered an order denying Canyon Outdoor's motion and granting fees and costs to Nettleton. A second amended judgment was entered to reflect the court's latest rulings.

## II. ANALYSIS

Canyon Outdoor presents the following issues on appeal: whether the district court erred in (1) granting Nettleton's motion for summary judgment, (2) denying Canyon Outdoor's motion for summary judgment, (3) denying Canyon Outdoor's motion for reconsideration, and (4) awarding attorney's fees and costs to Nettleton. Both parties claim they are entitled to an award of attorney's fees and costs on appeal.

### A. Summary judgment could not be properly granted in Nettleton's favor.

3

Canyon Outdoor raises three arguments in support of its position that the district court erred in granting Nettleton's motion for summary judgment: (1) the parties did not agree to a term in the employment agreement that covers post-separation compensation; (2) the Snake River Dental contract did not establish a "course of dealing"; and (3) Nettleton was required to service client accounts to be entitled to commission wages. Among these, the third argument was essentially a dispositive issue in the summary judgment rulings below. On appeal, Canyon Outdoor contends that the district court improperly applied the relevant standard of review in reaching its conclusion that a servicing requirement did not exist under the employment agreement. We agree with Canyon Outdoor and find that the judgment in favor of Nettleton must be vacated.

### 1. Standard of Review

Appeals from an order of summary judgment are reviewed de novo, and this Court's standard of review is the same standard applied by the district court. *Trotter v. Bank of N.Y. Mellon*, 152 Idaho 842, 845–46, 275 P.3d 857, 860–61 (2012). Summary judgment is appropriate if the moving party shows that there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law. I.R.C.P. 56(a). The Court is to liberally construe all disputed facts and draw all reasonable inferences from the record in favor of the nonmoving party. *Mackay v. Four Rivers Packing Co.*, 145 Idaho 408, 410, 179 P.3d 1064, 1066 (2008). The moving party carries the burden of proving the absence of a genuine issue of material fact. *Banner Life Ins. v. Mark Wallace Dixson Irrevocable Trust*, 147 Idaho 117, 123, 206 P.3d 481, 487 (2009).

In this case, each party moved for summary judgment; thus, the Court must evaluate each motion on its own merits to determine whether the moving party carried its burden to prove the absence of disputed material facts to the elements of its case. *Intermountain Forest Mgmt., Inc. v. La. Pac. Corp.*, 136 Idaho 233, 236, 31 P.3d 921, 924 (2001). The filing of cross-motions for summary judgment does not establish the absence of genuine issues of material fact, nor does it transform the trial court that will hear those motions into the trier of fact. *Banner Life Ins.*, 147 Idaho at 123–24, 206 P.3d at 487–88. Yet, when an action will be tried before the trial court without a jury, the court can rule upon summary judgment despite the possibility of conflicting inferences arising from undisputed evidentiary facts. *Riverside Dev. Co. v. Ritchie*, 103 Idaho 515, 519, 650 P.2d 657, 661. This is permissible because under such circumstances the court

would be responsible for resolving the conflict between those inferences at trial. *Id.* Even with this permission, however, conflicting evidentiary facts must still be viewed in favor of the nonmoving party. *Banner Life Ins.*, 147 Idaho at 124, 206 P.3d at 488. This Court exercises free review over the entire record that was before the trial court to determine whether either side was entitled to judgment as a matter of law and reviews the inferences drawn by the trial court to determine whether the record reasonably supports those inferences. *Intermountain Forest Mgmt., Inc.*, 136 Idaho at 236, 31 P.3d at 924.

### 2. Summary judgment was precluded because genuine issues of material fact remain.

Nettleton's action is premised on his entitlement to commission wages for contracts he procured prior to his resignation from Canyon Outdoor. In support of its summary judgment motion, Canyon Outdoor argued that Nettleton could not prevail in establishing either his wage claim or breach of contract claim because his entitlement to commission wages was contingent on a requirement that he service client accounts on an ongoing basis. Nettleton disputed that a servicing requirement of this kind existed.

After considering the cross-motions, the district court granted summary judgment in Nettleton's favor. To reach this conclusion, the district court first found that the February 28, 2014 commission schedule constituted a promise from Canyon Outdoor to pay new contract commissions at a rate of 10% of the monthly revenue. From there, the district court reviewed the evidence specific to a servicing requirement to determine if that promise was conditional in nature. The district court found the evidence regarding the Snake River Dental contract persuasive in showing that commission wages were not conditioned on a servicing requirement. Citing to the above-stated standard of review, the district court held that in light of the undisputed evidence a reasonable inference could be drawn that a servicing requirement did not exist under the employment agreement. The district court's conclusion that the evidence was undisputed was grounded in two factual bases: First, the district court explained that Canyon Outdoor's argument that a servicing requirement existed relied solely on conclusory testimony from Curtis Massood. Second, the district court emphasized that Canyon Outdoor did not refute the evidence regarding the Snake River Dental contract or Nettleton's assertion that the Snake River Dental contract created a "course of dealing." Our review of the record undermines both of these bases and, consequently, the inference they support. Because genuine issues of material fact remain, neither side was entitled to judgment as a matter of law.

5

Turning to the parties' support for their respective summary judgment motions, the evidence reveals that they offered contradictory assertions regarding the existence of a servicing requirement. In a declaration attached to Canyon Outdoor's motion, Massood stated that pursuant to the employment agreement Nettleton was required to service client accounts to be entitled to the respective commission wages. Massood further described the contract term as requiring Nettleton to provide ongoing client service, including soliciting renewal contracts from existing clients, acting as a point of contact for client questions and complaints, and ensuring that billboard advertisements were not obstructed and were properly lit.

Nettleton articulated the opposite conclusion in his affidavit attached to his motion, stating that his entitlement to commission wages was never subject to a servicing requirement under the employment agreement. During his deposition, Nettleton testified that most of the actual service and maintenance work was completed by independent contractors retained by Canyon Outdoor. In turn, Nettleton characterized himself more as a conduit for resolving issues after the initial sale and before the possible renewal of the client contract. He recognized that in this role he was required to maintain some level of communication with clients. He also explained that he and other Canyon Outdoor personnel shared the responsibility of adjusting timers for billboard lights throughout the year. Nettleton acknowledged that both parties generally referred to this maintenance of client welfare as "servicing the account."

An affidavit from Canyon Outdoor officer manager Susan Martin was also attached to Nettleton's motion, in which she stated that Canyon Outdoor salespersons were not responsible for servicing accounts and were only ever involved in reviewing client complaints. Martin added that generally she handled such complaints, and that repairs and other field work was completed by other employees or outside contractors hired by Canyon Outdoor. During her deposition, Martin explained that salespersons would oversee the approval of the billboard artwork, and that they might later become involved in reviewing complaints before any findings were relayed back to the company.

Taken together, the assertions of Massood, Nettleton, and Martin intimate that after a client contract was entered, Nettleton maintained some level of relationship to ensure the client remained satisfied and to address concerns or issues that arose during the course of the contract. From there, however, the testifying parties diverge with conflicting conclusions as to how completion of these tasks related to Nettleton's entitlement to commission wages. The record

6

does not contain a written contract that conclusively sets forth whether a servicing requirement existed as a term of the employment agreement. Rather, we are left with the parties' contradictory assertions that seek to answer that exact question.

The conflict inherent in this testimony is further illustrated in review of Canyon Outdoor's argument as to the Snake River Dental contract. During the summary judgment hearing and on appeal, Canyon Outdoor has argued that its payment of the commission wages for the Snake River Dental contract was a single dealing that occurred at a time when Nettleton was servicing the Snake River Dental account pursuant to the terms of the employment agreement. Nettleton does not dispute that payment of the commission wages in this manner was a one-time occurrence. Given this, the facts underlying the Snake River Dental contract do not necessarily lead to the conclusion that it was a "course of dealing" that negates the possible existence of a servicing requirement. As a preliminary matter, our statutes indicate that, if anything, the Snake River Dental contract should be characterized as a "course of performance" because the conduct in dispute occurred after or under the agreement. *See, e.g.*, I.C. § 28-1-303(a), (b) (Uniform Commercial Code provisions distinguishing course of performance and course of dealing). Regardless of the characterization, however, a course of performance or dealing is generally established through a pattern of conduct between the parties such as repeated occasions of performance or previous transactions. *Id.*; *see also Pocatello Hosp., LLC v. Quail Ridge Med. Investor, LLC*, 156 Idaho 709, 721, 330 P.3d 1067, 1079 (2014). Thus, it does not follow that the Snake River Dental contract alone can be used as dispositive proof of Nettleton's entitlement to the commission wages.

Finally, we are reminded that our consideration of Nettleton's summary judgment motion requires all conflicting evidentiary facts to be viewed in Canyon Outdoor's favor as the nonmoving party. *Banner Life Ins.*, 147 Idaho at 124, 206 P.3d at 488. While a trial court acting as the trier of fact may rule upon summary judgment despite the possibility of conflicting inferences, such inferences must arise from undisputed evidentiary facts. That is not the case here, as genuine issues of material fact remain and, therefore, summary judgment was precluded.

As such, the district court's order on the summary judgment motions is vacated, and this cause is remanded for further proceedings. Because we find summary judgment was precluded, we also vacate the district court's order on the motion for reconsideration and the award of attorney's fees and costs. *Howard v. Perry*, 141 Idaho 139, 143, 106 P.3d 465, 469 (2005). We

direct the district court to redetermine the issue of fees and costs upon completion of the proceedings on remand. In light of the foregoing, we need not address Canyon Outdoor's additional arguments regarding its motion for reconsideration and the district court's award of fees and costs.

### B. Neither party is entitled to attorney's fees on appeal.

Both sides have claimed attorney's fees on appeal. Canyon Outdoor cites to Idaho Code sections 12-120 and 46-612, while Nettleton's request is made pursuant to sections 12-120, 12-121 and 45-615. The Court has previously explained that section 45-612(2) is the exclusive remedy for attorney's fees for an employer where an employee has brought a claim for wages, while section 45-615 is the exclusive provision for an employee's recovery. *Polk v. Larrabee*, 135 Idaho 303, 315, 17 P.3d 247, 259 (2000). Alternatively, section 12-120(3) allows for the prevailing party in a civil action involving a commercial transaction based on a contract to be entitled to an award of reasonable attorney's fees. I.C. § 12-120(3). "Actions brought for breach of an employment contract are considered commercial transactions and are subject to the attorney fee provision of I.C. § 12-120(3)." *Willie v. Bd. of Trs.*, 138 Idaho 131, 136, 59 P.3d 302, 207 (2002).

Canyon Outdoor is the prevailing party on appeal; however, because the case is not yet resolved, it cannot yet be determined whether it will be the prevailing party in the action. *Portfolio Recovery Assocs., LLC v. MacDonald*, 162 Idaho 228, 236, 395 P.3d 1261, 1269 (2017). Upon final resolution of this case, the district court may consider fees incurred for this appeal when it makes a determination as to the prevailing party.

### III. CONCLUSION

We vacate the district court's judgment. This case is remanded for further proceedings consistent with this opinion. Costs awarded to Canyon Outdoor.


Chief Justice BURDICK, and Justices JONES, HORTON and BEVAN CONCUR.