# IN THE SUPREME COURT OF THE STATE OF IDAHO

## Docket No. 44718

MFG FINANCIAL, INC., an Arizona
corporation,

    Plaintiff-Respondent-Cross Appellant,

v.

JUSTIN VIGOS, an individual,

    Defendant-Appellant-Cross Respondent.

)
)
)
)
)
)
)
)
)
)
)
)

Boise, November 2017 Term

2018 Opinion No. 9

Filed: January 18, 2018

Karel A. Lehrman, Clerk

Appeal from the District Court of the Fourth Judicial District of the State of
Idaho, Ada County. Hon. Gerald F. Schroeder, Senior District Judge.

The decision of the district court is affirmed.

Ballard Law, PLLC, Rexburg and Barkley Smith Law, PLLC, Boise, for
appellant.

Eberle, Berlin, Kading, Turnbow & McKlveen, Boise, for respondent.

_____

HORTON, Justice,

Justin Vigos appeals the decision of the district court in Ada County reversing an order from the magistrate court granting his motion for summary judgment against MFG Financial, Inc. (MFG). MFG initiated this action to recover damages from a breach of contract. In 2007, Vigos purchased a vehicle from Karl Malone Toyota. The contract was assigned to Courtesy Auto Credit (Courtesy). After some time, Vigos defaulted on the contract and the vehicle was repossessed and sold at auction. Courtesy then allegedly assigned the contract to MFG who initiated this action in 2015. After some discovery, the parties each filed a motion for summary judgment. The magistrate court granted Vigos's motion for summary judgment, finding that MFG had not presented sufficient admissible evidence to show that it was a real party in interest. MFG appealed to the district court. The district court reversed the decision of the magistrate court. Vigos appeals, arguing that the district court applied the wrong standard when it failed to first determine if evidence was admissible before considering it for purposes of summary

1

judgment. MFG cross appeals, arguing that the district court erred when it failed to award it attorney fees on appeal. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

In 2001, Vigos entered into a contract to purchase a vehicle from Karl Malone Toyota. After selling the vehicle, Karl Malone Toyota assigned its rights in the contract to Courtesy. By 2009, Vigos was delinquent on his payments and the car was repossessed and sold at auction. After the sale of the vehicle, there was still a deficiency on the account. In 2014, Courtesy allegedly assigned its rights in the contract to MFG.

MFG brought this action to collect on the contract in September 2015. After some discovery, each party filed a motion for summary judgment. Prior to the hearing on the motion for summary judgment, MFG filed a motion for continuance in the hopes that they would be able to depose Vigos before the hearing, as Vigos had previously been unavailable for deposition. The magistrate court declined to hear arguments on the motion to continue. After a hearing, the magistrate court granted Vigos's motion for summary judgment. The magistrate also granted Vigos attorney fees and costs of $16,113.50.

On April 25, 2016, MFG appealed the decision of the magistrate court granting summary judgment. The district court reversed the magistrate court's order granting Vigos's motion for summary judgment. In reversing the magistrate court, the district court held that MFG had presented sufficient evidence to show that there was a genuine issue of material fact about whether it was a real party in interest. Vigos timely appealed, arguing that the district court erred in reversing the decision of the magistrate court. MFG cross appealed, arguing that the district court erred when it failed to award it attorney fees on appeal.

## II. STANDARD OF REVIEW

When this Court reviews the decision of a district court sitting in its capacity as an appellate court, the standard of review is as follows: "The Supreme Court reviews the trial court (magistrate) record to determine whether there is substantial and competent evidence to support the magistrate's findings of fact and whether the magistrate's conclusions of law follow from those findings. If those findings are so supported and the conclusions follow therefrom and if the district court affirmed the magistrate's decision, we affirm the district court's decision as a matter of procedure."

*Pelayo v. Pelayo*, 154 Idaho 855, 858, 303 P.3d 214, 217 (2013) (quoting *Bailey v. Bailey*, 153 Idaho 526, 529, 284 P.3d 970, 973 (2012)). "Thus this court does not review the decision of the magistrate court." *Id.* at 859, 303 P.3d at 218. "Rather, we are procedurally bound to affirm or reverse the decision of the district court." *Id.* (quoting *Bailey*, 153 Idaho at 529, 284 P.3d at 973).

"In an appeal from an order granting summary judgment, this Court's standard of review is the same as that used by the trial court in ruling on the motion." *Shea v. Kevic Corp.*, 156 Idaho 540, 544, 328 P.3d 520, 524 (2014) (quoting *Summers v. Cambridge Joint Sch. Dist. No. 432*, 139 Idaho 953, 955, 88 P.3d 772, 774 (2004)). Summary judgment is proper, "if the movant shows there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a).

## III. ANALYSIS

On appeal, Vigos argues that the district court erred in reversing the magistrate court's grant of summary judgment. Vigos argues that the district court erred when it failed to first rule on the admissibility of evidence before considering the motion for summary judgment. MFG cross appeals, arguing that the magistrate court erred in awarding attorney fees to Vigos and that the district court erred when it failed to award MFG attorney fees on appeal. These issues will be discussed in turn.

### A. The district court did not err when it reversed the magistrate court's grant of summary judgment.

Vigos argues that the district court erred when it reversed the magistrate court's grant of summary judgment because the district court failed to first rule on the admissibility of evidence before considering the motion for summary judgment. The magistrate court granted summary judgment in Vigos's favor after ruling that the contract was not properly authenticated and that MFG could not prove it was a real party in interest. The district court reversed, holding that there was sufficient evidence presented by MFG to withstand a motion for summary judgment. The district court is correct.

"The court must grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." I.R.C.P. 56(a). The moving party bears the "initial burden of establishing the absence of a genuine issue of material fact." *Venable v. Internet Auto Rent & Sales, Inc.*, 156 Idaho 574, 581, 329 P.3d 356, 363 (2014). "The burden of proving the absence of material facts is upon the

3

moving party." *Id.* "This burden is onerous because even circumstantial evidence can create a genuine issue of material fact." *Harris v. Dep't of Health & Welfare*, 123 Idaho 295, 298, 847 P.2d 1156, 1159 (1992) (internal quotations omitted). "Once the moving party establishes the absence of a genuine issue, the burden shifts to the nonmoving party to show that a genuine issue of material fact on the challenged element of the claim does exist." *Venable*, 156 Idaho at 581, 329 P.3d at 363.

"When considering whether the evidence shows a genuine issue of material fact, the trial court must liberally construe the facts, and draw all reasonable inferences in favor of the nonmoving party." *Fragnella v. Petrovich*, 153 Idaho 266, 271, 281 P.3d 103, 108 (2012). "[A]dmissibility of evidence contained in affidavits and depositions in support of or in opposition to a motion for summary judgment is a threshold matter to be addressed before applying the liberal construction and reasonable inferences rule to determine whether the evidence creates a genuine issue of material fact for trial." *Id.*

Idaho Rule of Civil Procedure 17(a) states that, "[a]n action must be prosecuted in the name of the real party in interest." This Court has said,

> The real party in interest is the one who has a real, actual, material or substantial interest in the subject matter of the action, the primary object being to save a defendant from further suits covering the same demand or subject matter, i.e., the real party in interest is the person who can discharge the claim upon which the suit is brought and control the action brought to enforce it, and who is entitled to the benefits of the action, if successful, and can fully protect the one paying the claim or judgment against subsequent suits covering the same subject matter, by other persons.

*Caughey v. George Jensen & Sons*, 74 Idaho 132, 134–35, 258 P.2d 357, 359 (1953). "We therefore hold that under Rule 17(a), I.R.C.P. . . . an assignee is the real party in interest to bring an action, and that the assignor is not the real party in interest and has no standing to prosecute an action on the chose in action." *McCluskey v. Galland*, 95 Idaho 472, 474–75, 511 P.2d 289, 291–92 (1973).

Here, MFG attempted to submit a contract allegedly signed by Vigos. The magistrate court found that MFG had failed to authenticate the contract and refused to consider it. In granting Vigos's motion for summary judgment, the magistrate court held that because MFG had not presented a valid contract or shown the chain of title of that contract that MFG was not a real party in interest. In reversing this grant of summary judgment, the district court agreed that the

contract had not been properly authenticated but held that there was still sufficient evidence in the record to survive summary judgment.

Vigos admits that he entered into a contract with Karl Malone Toyota. Vigos also admits that this contract was assigned to Courtesy. MFG provided an affidavit of Jay Jeffs, a manager at Courtesy, stating that on January 10, 2014, Vigos's contract was assigned to MFG. Additionally, MFG presented an affidavit of Mark Gasser, President of MFG, stating that it was assigned Vigos's contract. In his motion for summary judgment, Vigos does not deny that the contract referenced by MFG was the contract he entered into with Karl Malone Toyota, but asserts that the contract is hearsay and as such is not admissible. Further, Vigos has not shown any evidence that there was not an assignment from Courtesy to MFG, only that he does not know of any assignment. Because Vigos is the moving party in this case, he bears the burden of showing that there is no genuine issue of material fact. Vigos has failed to meet this burden.

Based on the evidence in the record as discussed above, Vigos entered into a contract with Karl Malone Toyota which was then assigned to Courtesy. MFG then presented an affidavit from Jay Jeffs and Mark Gasser that the contract was assigned to MFG. Affidavits may be used to support or defend a motion for summary judgment as long as they are "made on personal knowledge, set out facts which would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." I.R.C.P. 56 (c)(4).

Vigos did not object to either affidavit or ask that either be struck from the record. Vigos instead focused on the documents used to show an assignment, arguing that they are inadmissible. This focus on the attachments to the affidavit is misplaced. Because affidavits may be used to show a genuine issue of material fact where the affiant is competent to testify on matters stated, the affidavits by themselves show a genuine issue of material fact as to whether there was a valid assignment. If there was a valid assignment, MFG is the real party in interest in this case. Additionally, Vigos's admission that he entered into a contract with Karl Malone Toyota and that the contract was assigned to Courtesy creates a genuine issue of material fact about whether the contract presented by MFG was the contract entered into by Vigos. As such, the district court did not err when it reversed the magistrate court's grant of summary judgment in favor of Vigos because there is a genuine issue of material fact concerning the contract and assignment to MFG.

**B. Argument regarding the magistrate court's award of attorney fees to Vigos is moot.**

MFG next argues that the magistrate court erred when it awarded Vigos attorney fees because Vigos failed to cite to legal authority authorizing that award in his motion for attorney fees and memorandum of costs. Because we affirm the district court's reversal of the magistrate court's grant of summary judgment, this issue is moot and we do not consider it.

**C. The district court did not err when it did not award attorney fees to MFG on appeal.**

MFG argues that the district court erred when it failed to award it attorney fees on appeal to that court. The district court erroneously believed that MFG had cross appealed the magistrate court's denial of its motion for summary judgment. Vigos concedes that the district court erred when it failed to find MFG was the prevailing party. However, Vigos contends that MFG is only entitled to an award of attorney fees if it ends up being the prevailing party for the entire case. Vigos is correct.

In *Portfolio Recovery Assocs., LLC. v. MacDonald*, 162 Idaho 228, 395 P.3d 1261 (2017), a party appealed the district court's decision upholding the magistrate court's order granting summary judgment. On appeal, the appellant sought an award of attorney fees under Idaho Code section 12-120. *Id.* at ____, 395 P.3d at 1269. While this Court ruled in favor of the appellant and reversed the grant of summary judgment, it did not award attorney fees on appeal. *Id.* In declining to award attorney fees, this Court noted that, "[b]ecause the case is not yet resolved, there is no prevailing party." *Id.* However, we noted that if the appellant was ultimately successful on remand that the court could then award reasonable attorney fees in connection with the appeal.

Similar to *Portfolio Recovery Associates*, this case has not yet been resolved. Because this case is not yet resolved, there is no prevailing party. As such the district court did not err when it declined to award attorney fees. However, if MFG ultimately prevails on remand the magistrate court may award reasonable attorney fees in connection with MFG's appeal to the district court.

**D. Attorney fees on appeal.**

Vigos requests attorney fees on appeal pursuant to Idaho Code section 12-120(1). MFG requests attorney fees in this case pursuant to Idaho Code section 12-120(3) and the contract. Each of these sections allows attorney fees to the prevailing party. Where a case is not yet resolved there is no prevailing party. *Portfolio Recovery Assocs.*, 162 Idaho at ____, 395 P.3d at 1269. Because this case is not yet resolved there is no prevailing party. Because there is no

prevailing party we do not award attorney fees at this stage. However, should MFG prevail on remand the magistrate court may award MFG reasonable attorney fees in connection with this appeal.

## IV. CONCLUSION

We affirm the decision of the district court.

Chief Justice BURDICK, and Justices BRODY, BEVAN and Justice Pro Tem MELANSON **CONCUR.**