# IN THE COURT OF APPEALS OF THE STATE OF IDAHO

## Docket No. 45378

| | |
|---|---|
| LA BELLA VITA, LLC, an Idaho limited liability company, | ) |
| | ) Filed: December 31, 2018 |
| Plaintiff-Appellant, | ) |
| | ) Karel A. Lehrman, Clerk |
| v. | ) |
| | ) SUBSTITUTE OPINION |
| | ) THE COURT'S PRIOR OPINION |
| AMANDA SHULER and EIKOVA | ) DATED OCTOBER 15, 2018, |
| SALON AND SPA, LLC, an Idaho limited | ) IS HEREBY WITHDRAWN |
| liability company, | ) |
| | ) THIS IS AN UNPUBLISHED |
| Defendants-Respondents, | ) OPINION AND SHALL NOT |
| | ) BE CITED AS AUTHORITY |
| and | ) |
| | ) |
| CASSIE MOSER, BRITNEY | ) |
| HARRINGTON, KORTNI ELLETT, | ) |
| JERA DALLEY, EMILY COFFIN, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Appeal from the District Court of the Sixth Judicial District, State of Idaho, Bannock County. Hon. Robert C. Naftz, District Judge.

Order granting summary judgment, <u>reversed</u> and <u>case remanded</u>.

David H. Maguire, Pocatello, for appellant.

Racine, Olson, Nye, Budge & Bailey, Chtd.; Lane V. Erickson, Pocatello, for respondents. Lane V. Erickson argued.

---

GUTIERREZ, Judge

This is a misappropriation of trade secrets case arising out of a dispute between competing businesses that provide spa and salon services. La Bella Vita, LLC (La Bella Vita) appeals from the district court's order granting a second summary judgment and amended judgment awarding attorney fees in favor of the Respondents. For the reasons set forth below,

1

the order granting Respondents' second motion for summary judgment is reversed and the case is remanded.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

La Bella Vita brought action against Amanda Shuler, a former employee, and her newly formed business alleging Shuler took confidential client information to create and promote her new business, Eikova Salon and Spa, LLC (Eikova). Specifically, La Bella Vita, which is solely owned by Candy Barnard-Davidson (Davidson), filed a complaint against Shuler, Eikova, and other former employees alleging the employees took La Bella Vita's confidential client information to create and promote Eikova. Through the course of the proceedings, all of the defendants were dismissed except Shuler and Eikova (hereinafter collectively referred to as "Respondents"). La Bella Vita also voluntarily dismissed several claims except those for breach of a confidentiality agreement and a violation of the Idaho Trade Secrets Act, Idaho Code § 48-801, *et seq.* ("ITSA").

Respondents filed a motion for summary judgment, which was granted by the district court. Attorney fees and costs were awarded to Respondents. La Bella Vita's motion for reconsideration was denied, and the case was dismissed. La Bella Vita appealed to the Idaho Supreme Court. *La Bella Vita, LLC v. Shuler*, 158 Idaho 799, 353 P.3d 420 (2015). The Court found there were three disputed issues of material fact regarding the breach of confidentiality and trade secret claims. *Id*. at 808, 353 P.3d at 429. It reversed the district court's grant of summary judgment, vacated the award of costs and fees, and remanded the case for further proceedings. *Id*. at 817, 353 P.3d at 438.

Following the remand, the Respondents produced new evidence and filed a second motion for summary judgment. The district court heard arguments and granted the second summary judgment motion, denied La Bella Vita's motion for reconsideration, and also entered an award of attorney fees and costs in favor of Respondents. La Bella Vita timely appeals.

## II.

## STANDARD OF REVIEW

On appeal, we exercise free review in determining whether a genuine issue of material fact exists and whether the moving party is entitled to judgment as a matter of law. *Edwards v. Conchemco, Inc.*, 111 Idaho 851, 852, 727 P.2d 1279, 1280 (Ct. App. 1986). Summary judgment is proper if the pleadings, depositions, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Idaho Rule of Civil Procedure 56(c). The movant has the burden of showing that no genuine issues of material fact exist. *Stoddart v. Pocatello Sch. Dist. No. 25*, 149 Idaho 679, 683, 239 P.3d 784, 788 (2010). The burden may be met by establishing the absence of evidence on an element that the nonmoving party will be required to prove at trial. *Dunnick v. Elder*, 126 Idaho 308, 311, 882 P.2d 475, 478 (Ct. App. 1994). Such an absence of evidence may be established either by an affirmative showing with the moving party's own evidence or by a review of all the nonmoving party's evidence and the contention that such proof of an element is lacking. *Heath v. Honker's Mini-Mart, Inc.*, 134 Idaho 711, 712, 8 P.3d 1254, 1255 (Ct. App. 2000). Once such an absence of evidence has been established, the burden then shifts to the party opposing the motion to show, via further depositions, discovery responses or affidavits, that there is indeed a genuine issue for trial or to offer a valid justification for the failure to do so under I.R.C.P. 56(d). *Sanders v. Kuna Joint Sch. Dist.*, 125 Idaho 872, 874, 876 P.2d 154, 156 (Ct. App. 1994). Disputed facts and reasonable inferences are construed in favor of the nonmoving party. *Castorena v. Gen. Elec.*, 149 Idaho 609, 613, 238 P.3d 209, 213 (2010). This Court freely reviews issues of law. *Cole v. Kunzler*, 115 Idaho 552, 555, 768 P.2d 815, 818 (Ct. App. 1989).

## III.

## ANALYSIS

### A.     Granting of Second Motion for Summary Judgment

La Bella Vita asks this Court to overturn the granting of Respondents' second motion for summary judgment and remand this case back to the district court. "The burden of establishing the absence of a genuine issue of material fact is on the moving party," and this Court "will construe the record in the light most favorable to the party opposing the motion for summary judgment, drawing all reasonable inferences in that party's favor." *Wesco Autobody Supply, Inc. v. Ernest*, 149 Idaho 881, 890, 243 P.3d 1069, 1078 (2010). Given these standards, summary judgment is improper "if reasonable persons could reach differing conclusions or draw conflicting inferences from the evidence presented." *McPheters v. Maile*, 138 Idaho 391, 394, 64 P.3d 317, 320 (2003). However, a "mere scintilla of evidence or only slight doubt as to the facts is not sufficient to create a genuine issue of material fact for the purposes of summary judgment." *Van v. Portneuf Med. Ctr.*, 147 Idaho 552, 556, 212 P.3d 982, 986 (2009).

3

On the first appeal, the Idaho Supreme Court found there were genuine issues of material fact regarding the breach of confidentiality and trade secret claims specifically holding:

> Based upon a thorough review of the record, there are three genuine disputes of material fact which render this case inappropriate for summary adjudication. First, there is a dispute surrounding the "baby shower list," specifically whether Davidson authorized the use and release of La Bella Vita's official client list in generating or supplementing the invitation list for the baby shower being thrown in Shuler's honor. Second, there is a dispute about La Bella Vita's business practices and whether these practices compromised the confidentiality of its official client list and other client-related information. Third, there is a dispute regarding whether Shuler actually took and used any confidential information in the creation and promotion of Eikova.

*La Bella Vita, LLC*, 158 Idaho at 808, 353 P.3d at 429.

On remand, Respondents filed a second motion for summary judgment. In support thereof, Respondents filed a written brief and an affidavit of Shuler with attached exhibits. Included in the exhibits were photos taken during the baby shower and the original baby shower list. Respondents relied on the new evidence to support their position that the baby shower list did not contain confidential or protected information and therefore could not be the basis for a trade secret violation. The affidavit in support of the second motion for summary judgment asserts that the photos establish Davidson was present at the baby shower where the baby shower list containing client contact information was being used openly and publicly by nonemployees to record information about the gifts being received by Shuler.

La Bella Vita's position on appeal is that the new evidence submitted by Respondents, including the baby shower list and photographs from the baby shower, does not change the status of this case. La Bella Vita contends that genuine issues of material fact as set forth by the Supreme Court still exist and that summary judgment is improper. We agree.

In order to prevail in a claim brought under the ITSA, "[a] plaintiff must show that a trade secret actually existed." *Basic Am., Inc. v. Shatila*, 133 Idaho 726, 734, 992 P.2d 175, 183 (1999); *see also* I.C. § 48-801. "Without a proven trade secret there can be no misappropriation, even if the defendants' action was wrongful." *Basic Am.*, 133 Idaho at 734, 992 P.2d at 183 (quoting *Electro-Craft Corp. v. Controlled Motion, Inc.*, 332 N.W.2d 890, 897 (Minn. 1983)). ITSA defines "trade secret" as follows:

> "Trade secret" means information, including a formula, pattern, compilation, program, computer program, device, method, technique, or process, that:

4

(a) Derives independent economic value, actual or potential, from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain economic value from its disclosure or use; and

(b) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy.

I.C. § 48-801(5). Factors that are to be considered in determining whether information qualifies as a trade secret include:

(1) the extent to which the information is known outside [the plaintiff's] business; (2) the extent to which it is known by employees and others involved in the business; (3) the extent of measures taken by him to guard the secrecy of the information; (4) the value of the information to him and his competitors; (5) the amount of effort or money expended by him in developing the information; and (6) the ease or difficulty with which the information could be properly acquired or duplicated by others.

*Basic Am.*, 133 Idaho at 735, 992 P.2d at 184 (quoting Restatement of Torts § 757, comment b (1939)).

La Bella Vita relies on Davidson's affidavit, filed with the first motion for summary judgment, in which she states she did not authorize the disclosure of confidential information and that as part of Shuler's duties as manager, she was trained to ensure confidential information was not disclosed. Neither the baby shower photos nor baby shower list refute this assertion, which was one of the genuine issues of material fact specifically identified by the Idaho Supreme Court. There still remains a direct conflict between Shuler's affidavit in support of the second motion for summary judgment where she states, in part, that Davidson authorized the use of the client information to create the baby shower list and Davidson's affidavit filed in response to the first motion for summary judgment where she specifically denied this. In effect, Shuler's affidavit in support of the second motion for summary judgment declares the same thing she stated in support of the first motion for summary judgment, i.e., that Davidson authorized the use. The only difference is that on the second motion, Shuler attaches the baby shower list and pictures in an effort to dispute Davidson's explicit denial. The baby shower list and photographs from the baby shower fail to answer critical questions, such as whether Davidson saw the list at the shower, whether she would have recognized it as her client list, and whether she authorized it. Shuler contends her statement in her affidavit that she knew everyone that was included on the Baby Shower List is undisputed. However, this contention, even if undisputed as she asserts, does not resolve whether she retrieved the contact information for La Bella Vita without authorization from Davidson, which was one of the genuine issues of material fact set forth by

5

the Idaho Supreme Court on the first appeal. As a result, there remains a genuine issue of material fact as to whether Davidson authorized the use and release of La Bella Vita's official client list in generating or supplementing the invitation list for the baby shower being thrown in Shuler's honor.

Second, the baby shower list does not account for at least four people who were not included on the baby shower list but were solicited by Shuler when she left to open Eikova. The district court does not appear to have taken into consideration the affidavits of these four individuals, all of which state that the women had given their personal information to La Bella Vita while clients there, that they did not give this information to anyone who left La Bella Vita to go work for Eikova, and that they were subsequently contacted by representatives from Eikova to follow them to their new location. One of the affidavits indicates that the client was contacted by Eikova letting her know that an appointment she had made at La Bella Vita had been moved to Eikova. La Bella Vita also relies on a witness's affidavit testimony that, as an employee of Eikova, she was given the baby shower list to input into the Eikova computer. La Bella Vita correctly contends such evidence creates questions of fact as to whether Shuler actually took and used any confidential information in the creation and promotion of Eikova, which was another genuine issue of material fact specifically identified by the Idaho Supreme Court.

While the district court correctly stated that La Bella Vita did not present any new evidence or affidavits in the response to Respondents' second motion for summary judgment, it noted that La Bella Vita directed the court to Jera Dalley's deposition and Davidson's affidavit that she filed in response to Respondents' first motion for summary judgment, which was in the record. Construing the record in the light most favorable to La Bella Vita, we conclude La Bella Vita met its burden of setting forth sufficient evidence showing genuine issues of material fact as set forth by the Idaho Supreme Court still exist, which render the granting of the second motion for summary judgment improper. Consequently, the order of the district court granting Respondents' second motion for summary judgment is reversed and the case is remanded.

**B.      Attorney Fees on Appeal**

Both parties requested attorney fees on appeal. This Court awarded attorney fees to La Bella Vita pursuant to Idaho Code § 12-120(3), which allows for the recovery of attorney fees by the prevailing party in a civil action on any commercial transaction. Respondents, in their

6

petition for rehearing, assert that, based upon recent decisions of the Idaho Supreme Court, it was improper to award attorney fees on appeal to La Bella Vita because the case was also remanded.

In *Portfolio Recovery Assocs., LLC. v. MacDonald*, 162 Idaho 228, 395 P.3d 1261 (2017), a party appealed the district court's decision upholding the magistrate court's order granting summary judgment and sought an award of attorney fees under I.C. § 12-120. *Portfolio Recovery*, 162 Idaho at 236, 395 P.3d at 1269. The Idaho Supreme Court ruled in favor of the appellant and reversed the grant of summary judgment; however, it held an award of attorney fees was improper because the case had not been resolved, and therefore there was no prevailing party. *Id*. However, it noted that if the appellant was ultimately successful on remand that an award for attorney fees in connection with the appeal would be proper. *Id*.

Similar to *Portfolio Recovery Associates*, the Idaho Supreme Court declined to award attorney fees on appeal in *MFG Fin., Inc. v. Vigos*, 163 Idaho 252, 409 P.3d 832 (2018). In *MFG Fin.*, the Idaho Supreme Court affirmed the district court's reversal of the magistrate court's grant of summary judgment. *Id.* at 256-57, 409 P.3d at 836-37. While both parties requested attorney fees on appeal, the Idaho Supreme Court declined to award attorney fees because it concluded the case had not been resolved so there was no prevailing party. *Id.*

Based on these holdings, it is improper to award attorney fees at this time. While La Bella Vita was successful in this Court's ruling to reverse the district court's decision to grant summary judgment in favor of Respondents, the case has not been resolved. However, if Bella Vita ultimately prevails on remand the district court may properly award attorney fees in connection with this appeal.

## IV.

## CONCLUSION

Because genuine issues of material fact, as set forth by the Idaho Supreme Court, still exist, the district court erred in granting Respondents' second motion for summary judgment. Accordingly, the order of the district court is reversed and the case is remanded. We decline to award attorney fees to either party. Costs to La Bella Vita.

Judge HUSKEY and Judge LORELLO **CONCUR**.